658 So.2d 518 (1995)
GLOBE NEWSPAPER Company, Petitioner,
v.
Matthew J. King, Respondent.
No. 84676.
Supreme Court of Florida.
July 6, 1995.
Steven A. Werber and Tracy S. Carlin of Foley & Lardner, Jacksonville, for petitioner.
Christopher A. White of Crabtree & White, P.A., Jacksonville, for respondent.
WELLS, Justice.
We have for review the decision of the First District in Globe Newspaper Co. v. King, 643 So.2d 676 (Fla. 1st DCA 1994), certified to be in direct conflict with decisions of the Fourth District in Kraft General *519 Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), review denied, 642 So.2d 1363 (Fla. 1994), and Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991), and the Third District in Commercial Carrier Corp. v. Rockhead, 639 So.2d 660 (Fla. 3d DCA 1994). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. However, we reconcile Henn and Kraft with the district court's decision in this case and only find conflict with Commercial Carrier. We approve the decision of the district court in this case.
The district courts are in conflict as to whether it is appropriate for an appellate court to grant certiorari to review an order of a trial court permitting a plaintiff to amend a complaint to include punitive damages under section 768.72, Florida Statutes (1993). We conclude that appellate courts do have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, but do not have certiorari jurisdiction to review a decision of a trial judge granting leave to amend a complaint to include a claim for punitive damages when the trial judge has followed the procedural requirements of section 768.72. Certiorari is not available to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.
In the case at bar, Matthew King moved that the trial court allow him to amend his complaint to include punitive damages. The trial court held an evidentiary hearing pursuant to section 768.72, finding that King proffered sufficient evidence to establish a reasonable basis for a punitive damages claim and issuing an order granting his motion to amend. The defendant, Globe Newspaper, petitioned the district court for certiorari review of the order. Globe argued that section 768.72 provided a substantive right to be free from punitive damages litigation based upon insufficient evidence and that right could only be preserved by the district court reviewing the sufficiency of King's evidence through an interlocutory appeal. The district court denied certiorari but certified conflict with the decisions of other districts.
In Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla. 1987), we held that appellate courts may not grant petitions for review by certiorari of interlocutory orders denying motions to dismiss or strike claims for punitive damages. Noting that common law certiorari is an extraordinary remedy, we determined that an order approving the sufficiency of a punitive damages pleading did not meet the criteria for this extraordinary review, even considering the financial disclosure which followed determinations that punitive damages had been sufficiently plead. Id. at 1098-99.
Subsequent to the facts giving rise to the decision in Martin-Johnson, section 768.72, Florida Statutes (1987), became effective. That section is applicable to the instant action. Section 768.72 provides:
In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.
We read section 768.72 to create a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.
In Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA), review denied, 642 So.2d 1363 (Fla. 1994) (punitive damages claim), Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991) (financial worth discovery), and Sports Products, Inc. v. Estate of Inalien, 20 Fla. L. Weekly D13 *520 (Fla. 4th DCA Dec. 21, 1994), review dismissed, No. 84,988 (Fla. June 7, 1995), the district court ruled that the procedure mandated by section 768.72 must be followed, and failure to adhere to that procedure departs from the essential requirements of the law. The plain meaning of section 768.72 now requires a plaintiff to provide the court with a reasonable evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in a plaintiff's complaint. To allow punitive damages claims to proceed as before would render section 768.72 meaningless. Furthermore, a plenary appeal cannot restore a defendant's statutory right under section 768.72 to be free of punitive damages allegations in a complaint until there is a reasonable showing by evidence in the record or proffered by the claimant. We therefore agree with the district court in Henn and Kraft and hold that appellate courts should grant certiorari in instances in which there is a demonstration by a petitioner that the procedures of section 768.72 have not been followed. We do not believe that this holding is in conflict with our decision in the Martin-Johnson case but rather is a recognition of the express requirements mandated by the statute.
Globe invites this Court to take a further step, however, and hold that certiorari may also be granted to review the sufficiency of the evidence considered by a trial judge in a section 768.72 determination. In Commercial Carrier Corp. v. Rockhead, 639 So.2d 660 (Fla. 3d DCA 1994), the district court held certiorari to be available for such review. We do not agree. The reasons we stated in Martin-Johnson for certiorari not being available to review a trial judge's determination of the sufficiency of the ultimate facts pleading a claim for punitive damages under the prestatutory procedure are similarly applicable to reviewing the trial judge's determination of the sufficiency of the evidentiary showing under the statutory procedure.
Globe's allegations of harm[1] from allowing King's claim to proceed do not rise to the level of material harm that permits certiorari review. Martin-Johnson, 509 So.2d at 1100. However, the harm to our system of procedure in allowing substantive certiorari review at this stage of a trial would be as we stated in Martin-Johnson. Id.
Accordingly, we approve the denial of certiorari by the district court in this case. We disapprove Commercial Carrier Corp. v. Rockhead, 639 So.2d 660 (Fla. 3d DCA 1994). We specifically agree with the reasoning of the Fourth District in its decision in Sports Products, Inc. that certiorari review is appropriate to determine whether a court has conducted the evidentiary inquiry required by section 768.72, Florida Statutes, but not so broad as to encompass review of the sufficiency of the evidence considered in that inquiry. We also approve the decisions of the Fourth District in Henn and Kraft General Foods to the extent that those decisions conform with our decision in this case.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
ANSTEAD, J., dissents with an opinion.
ANSTEAD, Justice, dissenting.
The majority reads section 768.72 "to create a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Majority op. at 519. Based upon that construction, with which I agree, the majority also holds that "appellate courts should grant certiorari in instances in which there is a demonstration by a petitioner that the procedures of section 768.72 have not been followed." Id. at 520. However, the Court goes on to grant the petitioner a hollow victory when it limits any review to the procedure followed in the trial court and refuses to enforce the substantive rights granted by section 768.72.
*521 The heart of section 768.72 is its requirement of "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Without that showing, no "discovery of financial worth shall proceed." The opinion in Commercial Carrier Corp. v. Rockhead, 639 So.2d 660, 661 (Fla. 3d DCA 1994), cogently illustrates the point:
On the merits, it is apparent that the circumstances of this case  a motor vehicle accident in which there is evidence of little, if anything, more than simply negligent driving by either or both of the parties involved  fall far short of those required to support an action for punitive damages. See White Constr. Co. v. Dupont, 455 So.2d 1026 (Fla. 1984). Accordingly, the order under review is quashed.
The legislature has specifically granted the petitioner a substantive right to be free of financial discovery, absent a particularized evidentiary showing. A violation of the statutory provisions obviously cannot be remedied on plenary appeal. As has often been stated, by then "the cat is out of the bag." Consistent with the intent of the legislature in imposing this requirement, and, presumably expecting that it would be enforced by the courts, I would hold that certiorari review is appropriate in such cases.
NOTES
[1] Globe asserts in its brief that the irreparable harm suffered results from having to defend a claim for punitive damages and produce financial worth discovery in violation of the substantive right created by section 768.72. Globe argues that the right to be free from those obligations cannot be remedied upon plenary appeal.