PARIENTE, Judge.
The trial court permitted respondent (plaintiff) to amend his complaint to allege punitive damages. Rather than determine at that time whether there was a reasonable basis to support a punitive damages claim, the trial court ruled that it would make that determination at the time of trial. By so doing, the trial court departed from the essential requirements of law.
Before a plaintiff may assert a claim of punitive damages, the trial court must determine that there is a reasonable basis for recovery of punitive damages. Si-meon, Inc. v. Cox, 671 So.2d 158 (Fla.1996). This determination must be based on “a reasonable showing by evidence in the record or proffered by the claimant.” § 768.72, Fla. Stat. (1995). In Globe Newspaper Co. v. King, 658 So.2d 518, 520 (Fla.1995), our supreme court held that the appellate courts have certiorari jurisdiction to review whether the procedural requirements of the statute governing the pleading of punitive damages claims has been followed. It is not, however, within our province to determine the sufficiency of the evidentiary showing. Id.
Contrary to petitioners’ (defendants) contention, an evidentiary hearing is not mandated by the statute before a trial court has authority to permit an amendment. Pursuant to section 768.72, a proffer of evidence can support a trial court’s determination. However, the trial court erred when it allowed the amendment but deferred its decision as to whether there was “a reasonable basis for recovery” of punitive damages until trial.
The procedure followed by the trial court was not authorized by section 768.72. Because the trial court did not determine whether there was a reasonable basis for recovery of punitive damages before allowing the amendment, we grant the petition for writ of certiorari and quash the order permitting punitive damages and permitting discovery of financial worth information. We remand for further proceedings consistent with this opinion.
GLICKSTEIN and STONE, JJ., concur.