693 So.2d 1125 (1997)
NOVA SOUTHEASTERN UNIVERSITY, INC., Petitioner,
v.
Christopher Michael McCOLLOUGH, Respondent.
No. 97-0459.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
W. Tucker Craig and Shawn B. McKamey of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for petitioner.
No response for respondent.
PER CURIAM.
Nova Southeastern University, Inc. and three individuals it employed as security officers petitioned for certiorari relief from an order of the trial court granting the plaintiff's motion to add a prayer for punitive relief to his complaint against them for various intentional torts stemming from the security officers' detaining him in Nova's parking lot one night at approximately 3:30 a.m. We previously dismissed the petition as it pertained to the individual petitioners, concluding that the trial court based its determination on evidence in the record that it found provided a reasonable basis for the recovery of such damages, see Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995), although no such evidence was presented at the hearing on the motion, see Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A., 677 So.2d 22 (Fla. 4th DCA 1996).
We grant the petition, however, as to Nova. The third amended complaint included counts against Nova for false arrest and imprisonment and for malicious prosecution, both predicating Nova's liability on a theory of respondeat superior. No independent fault on Nova's part was alleged. In order for a corporate employer to be vicariously liable for punitive damages for the wanton and willful acts of its employee, there must be some independent fault on the part of the employer, though that fault need not also be wanton and willful. Mercury Motors *1126 Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981). Compare Schropp v. Crown Eurocars, Inc., 654 So.2d 1158, 1160-61 (Fla.1995) (recognizing corporation may be held directly liable for intentional acts of a managing agent or person holding policy-making position). Given the state of the pleadings, we conclude that no evidence in the record could have provided a reasonable basis for the recovery of punitive damages against Nova.
Therefore, we quash that part of the trial court's order which granted McCollough's motion to add a prayer for punitive damages against Nova.
DELL, WARNER and GROSS, JJ., concur.