826 So.2d 1091 (2002)
CYPRESS AVIATION, INC., a Florida corporation; CAI Industries, Inc., a Florida corporation; and Robert Wagner, individually, Petitioners,
v.
Terry BOLLEA; Linda Bollea; and Hollywood Skies, L.L.C., Respondents.
No. 2D02-1078.
District Court of Appeal of Florida, Second District.
October 4, 2002.
David F. Cooney and Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for Petitioners.
John W. Frost, II and Robert Aranda of Frost Tamayo Sessums & Aranda, P.A., Bartow, for Respondents.
NORTHCUTT, Judge.
The defendants in the proceedings below seek a writ of certiorari quashing the denial of their motion to dismiss the plaintiffs' claims for punitive damages. They contend that the circuit court failed to comply with the procedural requirements of section 768.72, Florida Statutes (1999). See Globe Newspaper Co. v. King, 658 So.2d 518, 519-20 (Fla.1995) (holding that appellate courts have certiorari jurisdiction to review such a claim). We grant the writ.
The plaintiffs originally sued Cypress Aviation for rescission and breach of contract. They later amended their complaint, adding a claim for fraud and an additional defendant, CAI Industries. Later, they sought leave to file a second amended complaint. Their motion was not accompanied by the proposed complaint, nor did it specify what amendments would be made. It did not request leave to assert a claim for punitive damages. The circuit court granted the motion. The second amended complaint named the three current petitioners and pleaded rescission, breach of contract, fraud in the inducement, and breach of fiduciary duty. The plaintiffs sought punitive damages in the latter two counts.
The defendants moved to dismiss the claims for punitive damages for failure to comply with the requirements of section 768.72, arguing the plaintiffs had not made an evidentiary showing that would provide a reasonable basis for recovery of such damages. At a hearing on the defendants' motion to dismiss, the plaintiffs claimed that section 768.72 did not apply, or had been automatically satisfied, because their complaint alleged fraud and because punitive damages may be awarded in fraud cases. They relied on Knight v. E.F. Hutton & Co., 750 F.Supp. 1109 (M.D.Fla. 1990), for this proposition, and the court denied the defendant's motion based on that case.
In doing so, the court departed from the essential requirements of law. See Simeon *1092 Inc. v. Cox, 671 So.2d 158, 160 (Fla. 1996). We note that the federal court is in disagreement about whether section 768.72 is procedural or substantive, and whether a plaintiff must follow its procedural requirements when asserting a pendant state claim for punitive damages. Compare Primerica Fin. Servs., Inc. v. Mitchell, 48 F.Supp.2d 1363, 1371 (M.D.Fla. 1999) (stating section 768.72 requirement that the plaintiff must present evidence sufficient to state a claim for punitive damages was not applicable in federal court based on the federal rules of procedure) with Neill v. Gulf Stream Coach, Inc., 966 F.Supp. 1149, 1155-56 (M.D.Fla.1997) (noting that requirements of section 768.72 created a substantive right to be free from a punitive damages claim absent a judicial determination that the claim has a reasonable evidentiary basis). More importantly, Florida law is clear on this point. Globe Newspaper "requires a plaintiff to provide the court with an evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in a plaintiff's complaint." 658 So.2d at 520. Moreover, Turner v. Fitzsimmons, 673 So.2d 532 (Fla. 1st DCA 1996), rejected the same argument the plaintiffs make here. Turner held that even when the pleadings allege fraud, the procedure under section 768.72 must be followed when a plaintiff seeks to obtain punitive damages from a defendant. Id. at 535-36. The plaintiffs here did not give the court any evidentiary basis for their claims.
As our supreme court succinctly stated in Simeon:
[T]o comply with [section 768.72's] requirements, a plaintiff must obtain leave from the trial court to amend the complaint before punitive damages may be asserted. At that point, the trial court must make a determination that there is a reasonable basis for the recovery of punitive damages. It was inconsequential that the trial court in this case subsequently held a hearing on the motions to dismiss and to strike: any punitive damages claim alleged prior to a party asking for and receiving leave of the court must be dismissed or stricken.
671 So.2d at 160 (internal citations omitted). The plaintiffs in this case did not follow the statutory procedure. Accordingly, we grant the petition for writ of certiorari and quash the circuit court's order denying the defendants' motion to dismiss the plaintiffs' claims for punitive damages.
WHATLEY and CASANUEVA, JJ., Concur.