922 So.2d 359 (2006)
CARNIVAL CORPORATION, d/b/a Carnival Cruise Lines, Petitioner,
v.
Nelson ISCOA, Respondent.
No. 3D05-2125.
District Court of Appeal of Florida, Third District.
March 1, 2006.
*360 Mase, Gassenheimer & Lara, and Beverly D. Eisenstadt, Miami, for petitioner.
Joel S. Perwin; Lisa Lehner, for respondent.
Before WELLS, and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
Carnival Cruise Lines seeks certiorari review of a non-final order granting Nelson Iscoa's motion to amend his complaint to add a claim for punitive damages. While we have grave misgivings about both Iscoa's entitlement to advance this claim under maritime law and his ability to sustain a punitive damage award on final review, we deny the petition.
Iscoa brought suit to recover for injuries he allegedly sustained when he fell down an open staircase while a passenger on board Carnival Cruise Line's M/V Destiny. After Iscoa learned that other passengers aboard the same vessel had been involved in similar falls, he sought to amend his complaint to state a claim for punitive damages. Carnival opposed the motion claiming that as a matter of maritime law, Iscoa could not maintain a punitive damages claim and that the evidence did not support such a claim. Following an evidentiary hearing, Iscoa was permitted to amend to claim punitive damages. Carnival timely petitioned for a writ of certiorari to review that order.
As the Supreme Court explained in Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995):
appellate courts do have certiorari jurisdiction to review whether a trial judge has conformed with the procedural requirements of section 768.72, but do not have certiorari jurisdiction to review a decision of a trial judge granting leave to amend a complaint to include a claim for punitive damages when the trial judge has followed the procedural requirements of section 768.72. Certiorari is not available to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.
Here, the trial court conducted the evidentiary hearing and thereafter Iscoa was permitted to amend his complaint to make a claim for punitive damages. Thus, relying upon the analysis set out in Globe, we do not have certiorari jurisdiction to review the trial court's decision to permit the amendment.
We note, however, that in In re Amtrack "Sunset Ltd." Train Crash in Bayou Canot, Alabama, on September 22, 1993, 121 F.3d 1421 (11th Cir.1997), the Eleventh Circuit held that punitive damages are precluded in personal injury actions brought under general maritime law except in cases involving intentional wrongdoing:

personal injury claimants have no claim for nonpecuniary damages such as loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman, intentional denial of a vessel owner to furnish a seaworthy vessel to a seaman and in those very rare situations of intentional wrongdoing.

In re Amtrak Sunset Ltd. Train Crash, 121 F.3d at 1429 (emphasis added). Based on the limited record before us, we have serious doubts that the "very rare" exception recognized by the Eleventh Circuit is implicated here. We are, however, nonetheless bound to deny the writ on the analysis set out above. See Globe, 658 So.2d at 519; Martin-Johnson, Inc. v. *361 Savage, 509 So.2d 1097, 1099 (Fla.1987)(stating "we cannot agree that certiorari is a proper vehicle for testing denial of a motion to strike a claim for punitive damages"); but see Chemplex Fla. v. Norelli, 790 So.2d 547, 549 (Fla. 4th DCA 2001) (granting certiorari and quashing an order granting leave to amend to state a claim for punitive damages because a "plaintiff in a shareholder's derivative action against officers and directors of corporation cannot recover punitive damages in the absence of any statutory authority"); McGuire, Woods, Battle & Boothe, L.L.P. v. Hollfelder, 771 So.2d 585, 586 (Fla. 1st DCA 2000) (granting certiorari and quashing an order denying a motion to strike a punitive damages claim because punitive damages are not available in shareholder derivative actions); Ortega v. Silva, 712 So.2d 1148, 1149 (Fla. 4th DCA 1998) (explaining that "[a]llowing a claimant to seek punitive damages as part of a claim in which such exemplary damages are unavailable as a matter of law, is tantamount to allowing them without determining whether there is an evidentiary basis for them"); Nova Southeastern University v. McCollough, 693 So.2d 1125, 1125-26 (Fla. 4th DCA 1997) (granting certiorari and quashing an order granting leave to amend to add a prayer for punitive damages concluding that "no evidence in the record could have provided a reasonable basis for the recovery of" such damages on a vicarious liability claim where no independent fault had been alleged).
The petition is denied.