990 So.2d 1088 (2007)
ESPIRITO SANTO BANK, Petitioner,
v.
Mercio Goncalves REGO, Respondent.
No. 3D06-2156.
District Court of Appeal of Florida, Third District.
April 11, 2007.
Order Denying Rehearing and Rehearing En Banc September 17, 2008.
Robert W. Stewart; Silver, Garvett & Henkel and Tim D. Henkel, Miami, for petitioner.
Bernardo Burstein, Miami, for respondent.
Before RAMIREZ and LAGOA, JJ., and SCHWARTZ, Senior Judge.
LAGOA, Judge.
Petitioner Espirito Santo Bank ("ES Bank") seeks a Writ of Certiorari quashing the trial court's order granting Respondent, Mercio Goncalves Rego's ("Rego") motion to amend his complaint to seek punitive damages in connection with his claim for fraudulent inducement. Because *1089 the trial court departed from the essential requirements of the law, we grant the petition for certiorari.[1]

I. FACTUAL AND PROCEDURAL HISTORY

Rego, a former customer of ES Bank in Brazil, sued ES Bank asserting the following four claims: fraudulent inducement (Count I); fraudulent misappropriation (Count II); breach of fiduciary duty (Count III); and negligence (Count IV). During the course of litigation, Rego filed a Motion for Leave to Amend the Complaint to Seek Punitive Damages. During the hearing on the motion, the trial court concluded that the evidence offered by Rego did not support an amendment for punitive damages. Despite finding insufficient evidentiary support for the amendment, the trial court granted Rego's motion as to his claim for fraudulent inducement, based on Rego's argument that this Court's opinion in Perlman v. Prudential Ins. Co. of America, 686 So.2d 1378 (Fla. 3d DCA 1997), requires, as a matter of law, punitive damages wherever a fraud claim has been alleged.[2] As evidenced by the trial court's statement during the hearing, but for Rego's counsel's argument regarding
Perlman, the trial court would have denied the amendment in its entirety for lack of evidentiary support:
I'm only allowing it [the request for punitive damages] for the fraud claim. And I'm only doing it based on the fact the Perlman v. Prudential Insurance Company [case] says I have to because I will tell you, but for that case I wouldn't have allowed it at all.
In my opinion the conduct for which punitive damages is allowable is supposed to be gross negligence or intentional misconduct. I do not find, even taking all the evidence in the light most favorable to the plaintiff that it rises to that level in this case. So but for the Perlman decision I wouldn't be allowing the amendment at all, based on the facts, even if they were undisputed ... I'm only allowing it in a fraud count and I'm only allowing it because the Third District says that I must.
(emphasis added).

II. STANDARD FOR AMENDING COMPLAINT TO INCLUDE PUNITIVE DAMAGES

Under section 768.72, Florida Statutes (2005), a plaintiff is required to *1090 obtain leave from the trial court to amend the complaint before punitive damages may be asserted and is further required to make an evidentiary showing that would provide a reasonable basis for recovery of such damages. See Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996). The statutory procedure must be followed and cannot be circumvented. Id. See also, Cypress Aviation, Inc. v. Bollea, 826 So.2d 1091, 1092 (Fla. 2d DCA 2002).

III. ANALYSIS

Rego's reliance on Perlman is misplaced. Rego's argument confuses allegations of fraudulent inducement sufficient to survive a motion to dismiss with evidence supporting those allegations sufficient to meet the requirements of section 768.72. In Perlman, this Court reversed the trial court and concluded that, after a week-long trial in which the trial court granted a directed verdict, plaintiff had presented sufficient evidence both to submit his fraud claim to the jury and to permit the assertion of a punitive damages claim.[3]Perlman, 686 So.2d at 1379, 1382.
Perlman thus stands for the proposition that, because a claim for fraudulent inducement contains an intentionality element, when a party has presented sufficient facts in support of a fraudulent inducement claim that would entitle him to an award of compensatory damages, he has also presented sufficient facts that would support a request for punitive damages. Id. Accord, e.g., First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 539 (Fla.1987); Cruise v. Graham, 622 So.2d 37, 41 (Fla. 4th DCA 1993). In this case, the trial court's error was in reading Perlman expansively to allow a punitive damages claim in each instance when fraud is alleged, instead of only when a reasonable evidentiary basis has been submitted in support of the fraud claim.
As the trial court noted, Rego merely presented a complaint that sufficiently alleged the ultimate facts necessary to proceed on a fraudulent inducement claim. These allegations, by themselves, do not entitle Rego to amend his complaint to include a claim for punitive damages. See Cypress Aviation, 826 So.2d at 1092; Turner v. S.G. Fitzsimmons, IV, 673 So.2d 532, 535-36 (Fla. 1st DCA 1996). In order to be so entitled, Rego was required to present an evidentiary basis in support of his fraud claim. See Section 768.72, Florida Statutes (2005); Cypress Aviation, 826 So.2d at 1092. The trial court found that Rego failed to do so, and the trial court's allowance of the amendment to assert a claim for punitive damages in spite of its finding of insufficient evidence therefore constitutes a departure from the essential requirements of the law.
The dissent asserts that we have gone beyond the bounds of certiorari review to evaluate the merits of the trial court's finding that a sufficient evidentiary basis exists for a punitive damages claim. Not so. We agree that certiorari jurisdiction does not lie to review the merits of a trial court's ruling that sufficient evidence exists to assert a punitive damages claim under section 768.72. See Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996). We do have certiorari jurisdiction, however, to review whether the trial court met the statute's procedural requirements for granting leave to amend a complaint to include a claim for punitive damages. Id.
The dissent contends the plaintiff's compliance with the five step procedural process *1091 insulates the trial court's order from certiorari review. By taking the view that if the trial court followed the procedural steps, its ruling must be an evidentiary one, the dissent fails to consider the legal consequences of the trial court's ruling. Finding that the plaintiff did not provide a sufficient evidentiary basis to make a claim for punitive damages, the trial court made a legal ruling that the mere allegation of fraud entitled the plaintiff to amend the complaint as a matter of law.
The trial court's legal ruling constituted a procedural error because it found no evidentiary basis for a punitive damages claim and nevertheless allowed the amendment. We agree that certiorari review does not provide a vehicle for this Court to reweigh the evidence presented at the hearing, and had the trial court actually found a sufficient evidentiary basis we would agree that such a finding could not be disturbed, or even evaluated, on certiorari review. The trial court, however, found that "even taking all the evidence in the light most favorable to the plaintiff" there was no evidentiary basis for a punitive damages claim. Despite this evidentiary ruling, the trial court felt confined by this Court's Perlman decision to make a legal ruling that punitive damages claims are allowed absent an evidentiary basis when fraud is alleged. Our holding today is entirely confined to reversing this second prong of the trial court's reasoning. An allegation of fraud, on its own and without any evidentiary support, does not satisfy the requirements of section 768.72, Florida Statutes (2005).
Our holding is consistent with the treatment of this issue by our sister courts in Turner v. S.G. Fitzsimmons, IV, 673 So.2d 532 (Fla. 1st DCA 1996), and Cypress Aviation, Inc. v. Bollea, 826 So.2d 1091 (Fla. 2d DCA 2002). Faced with similar facts, both the First District and the Second District rejected the same argument advanced by Rego. In both cases, the First and Second District concluded that, even when a party's pleadings allege fraud, the procedure under section 768.72 must be followed and an evidentiary basis for punitive damages must be provided before the party can assert a claim for them. See Turner, 673 So.2d at 535-36; Cypress Aviation, 826 So.2d at 1092.
Because the trial court did not follow the required statutory procedure set forth in section 768.72, Florida Statutes (2005), we grant the petition for certiorari and quash the trial court's order granting Rego leave to amend his complaint to add a claim for punitive damages.
SCHWARTZ, Senior Judge, concurs.
RAMIREZ, J., (dissenting).
As the majority opinion states in footnote 1, "[t]his Court has certiorari jurisdiction to review a claim alleging failure to comply with the procedural requirements of section 768.72, Florida Statutes (2005)." (emphasis added). I disagree that the trial court failed to comply with the procedural requirements of the statute when it allowed the claim for punitive damages. I therefore respectfully dissent.

I. Procedural Requirements
Even if the trial court misinterpreted the holding in Perlman v. Prudential Ins. Co. of America, Inc., 686 So.2d 1378 (Fla. 3d DCA 1997), and I do not believe it did,[4] the trial court followed the procedural dictates of section 768.72 and thus certiorari relief is inappropriate in this case.
Section 768.72(1) states:
In any civil action, no claim for punitive damages shall be permitted unless there *1092 is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.
In Solis v. Calvo, 689 So.2d 366 (Fla. 3d DCA 1997), we stated that certiorari is appropriate to review whether a trial judge has complied with the procedural requirements of the section, but our certiorari jurisdiction "is not so broad as to encompass review of the sufficiency of the evidence when the trial judge has complied with the procedural requirements of the section 768.72." Id. at 368.
It is undisputed that both the trial court and Rego complied with the procedural requirements of the statute. Compliance occurred as follows: (1) before asserting punitive damages, plaintiff sought leave to amend his complaint; (2) the trial court conducted a hearing; (3) the plaintiff made an evidentiary proffer justifying the assertion of punitive damages; (4) all parties were given an opportunity to fully argue the merits of the motion; and (5) the court granted the motion to amend.
All of these steps are procedural in nature. Neither the petitioner nor the majority opinion has cited a single case which quashes an order granting leave to assert punitive damages after the plaintiff followed these five procedural requirements. The trial court's reasoning for allowing or not allowing the amendment is clearly not procedural. Thus, the trial court's statement that it will only allow the amendment based on its reading of the Perlman decision, however misguided, is obviously not a procedural ruling. It is a ruling on the sufficiency of the evidence.
In Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), the Florida Supreme Court made it clear that certiorari review is not a vehicle by which to review the trial court's "determination of the sufficiency of the evidentiary showing under the statutory procedure." Id. at 520. The majority does exactly what the Florida Supreme Court has stated we cannot doreview the sufficiency of the evidence the trial court considered in determining that a "reasonable showing" by the claimant has not been made. See Carnival Corp. v. Iscoa, 922 So.2d 359, 360 (Fla. 3d DCA 2006); Globe Newspaper, 658 So.2d at 520.
The cases relied upon by the majority do not support their decision. The case of Turner v. S.G. Fitzsimmons, 673 So.2d 532 (Fla. 1st DCA 1996) is irrelevant because it does not involve a petition for writ of certiorari. Furthermore, the case had been tried and the jury was deliberating when Turner moved to conform the pleading to the evidence and allow the jury to decide the issue of punitive damages. Id. at 534. The trial court denied the request and the appellate court affirmed, stating that the request was untimely. Id. at 536. It then held that even when the pleadings allege fraud, the procedure under section 768.72 must be followed when a plaintiff seeks to obtain punitive damages from a defendant. Id. at 535-36.
The case of Cypress Aviation, Inc. v. Bollea, 826 So.2d 1091 (Fla. 2d DCA 2002), is closer to our case because it involves a petition for writ of certiorari, but the Second District granted the writ for clearly procedural errors. In Cypress, the plaintiffs sought leave to file a second amended complaint. Id. at 1091. "Their motion was not accompanied by the proposed complaint, nor did it specify what amendments would be made. It did not request leave to assert a claim for punitive damages. The circuit court granted the motion." Id. Thus, the procedure whereby the trial court allowed the assertion of *1093 punitive damages was fraught with procedural infirmities. The defendants then moved to dismiss the claims for punitive damages. Id. At the hearing on the motion, plaintiffs argued that section 768.72 did not apply, or was automatically satisfied, because the complaint alleged fraud. Id. Unlike our case, the plaintiffs in Cypress, never made any proffer to justify the assertion of punitive damages.[5] After the trial court denied the motion to dismiss, the appellate court granted certiorari. Id. at 1091-92. The opinion then discusses whether the statute is procedural or substantive, citing federal cases, to conclude that Globe Newspapers resolved the issue. Id. at 1092. Finally, the opinion cites Turner and states that the plaintiffs "did not give the court any evidentiary basis for their claims."[6]Id. The court therefore concluded that plaintiffs "did not follow the statutory procedure." Id.
Whether the evidentiary proffer provided a reasonable basis for the recovery of punitive damages is not an issue for us to decide. "Certiorari review is not available to review a determination [on whether] there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Carnival Corp., 922 So.2d at 360; Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996).
Respectfully, the majority is incorrect when it states that "Rego merely presented a complaint that sufficiently alleged the ultimate facts necessary to proceed on a fraudulent inducement claim." Maj. op. at 1090. This directly contradicts the majority's earlier recitation of the facts that the plaintiff filed a Motion for Leave to Amend the Complaint to Seek Punitive Damages, that a hearing on the motion was held, and that the court granted the motion after all parties had been given an opportunity to be heard. Maj. op. at 1089.
The majority also states that the trial court concluded that the evidence did not support an amendment for punitive damages.[7] Maj. op. at 1089. I do not find any such statement by the trial court. The majority extensively quotes the trial court's statements for its reasoning. Maj. op. at 1089. A review of the entire hearing contains no such statement. The trial court did state that it was allowing the amendment only because of Perlman and expressed some reservations about the wisdom of that decision, but the trial court properly followed established Third District Court precedent. In my view, the trial court's statements clearly were directed to the sufficiency of the evidence for which certiorari review is inappropriate.

II. Sufficiency of the Evidence
Even if we look at the sufficiency of the evidence, the writ of certiorari should be denied. I turn now to the hearing on the motion to amend and the Perlman case.

*1094 A. The Hearing on the Motion to Amend
The trial conducted an extensive hearing on the motion to amend. In its opinion, the majority states that: "During the hearing on the motion, the trial court concluded that the evidence offered by Rego did not support an amendment for punitive damages." Maj. op. at 1089. This statement is simply wrong. I am forced to quote extensively from the transcript of the hearing held on August 25, 2006, to show how the trial court cogently analyzed the issue, and the majority's statement does not appear anywhere in the transcript.
Early in the hearing, Rego's counsel made the argument quoted on footnote 3 of the majority opinion to the effect that Perlman's headnote provides that, "[i]f there is a claim of fraud sufficient to justify compensatory damage it is also sufficient to support an award of damages." See Transcript of Hearing of Aug. 25, 2006, p. 6 (hereafter referred to as "TR."). The trial court states:
If you [Rego's counsel] are correct that whenever there is a fraud claim there is also a sufficient basis for punitive damage claim, you don't have to go farther because the fraud claim is pending and you are correct that it survives the summary judgment.

TR. 8. The trial court then requests counsel for the bank to respond. Counsel for Espirito Santo claimed serious procedural violations: (1) that the motion was made too late; (2) that Rego had not attached the proposed amendment to the complaint; (3) that if the amendment is allowed, the case would not be at issue; (4) that the motion had to be supplemented adding a whole new basis. See TR. 8-9. Counsel for the bank proceeded to mix his procedural and substantive arguments. The court then brings up the Perlman case:
THE COURT: No, but it's interpreted [sic] the statute to say that if you have a claim of fraud that that is sufficient to support an award for punitive damages.
BANK'S COUNSEL: What the statute says, Your Honorthe statute says he had to come forward with evidence
THE COURT: I understand he hasin addition to just a claim he also has to have evidence.

TR. 13. The trial court ruled that the supplement was not timely filed and it would not be considered. TR. 16.
On the sufficiency of the evidence, Rego's counsel argued that even without the supplement, it did not change the outcome:
REGO'S COUNSEL: ... It doesn't change the outcome because Mr. Rego's deposition was already of record.
THE COURT: Correct. The deposition was already on file, wasn't it?
REGO'S COUNSEL: It was on file and they never controverted it. In fact, even on this record we would be entitled to a summary judgment on liability.
THE COURT: Your counthang on a second. I disagree with you about that. The standard for summary judgment, however, is very different. And my decision to allow an amendment to the pleading is not the same, as myalthough the case law says it's similar, it's not quite the same.
REGO'S COUNSEL: It's even less stringent than summary judgment because you are not going to weigh the evidence.
THE COURT: Correct.
REGO'S COUNSEL: The evidence is there and the policy in this state, I believe, is that amendments are freely granted.

*1095 THE COURT: But not the amendment to serve punitive damages.
REGO'S COUNSEL: The statute provides no claim for punitive damage shall be permitted unless there is a reasonable showing by evidence in the record or proffer by the claimant, which would provide a reasonable basis for the recovery of such damages.
THE COURT: Right. That's grossly different in the standardsin the rules of civil procedure.
REGO'S COUNSEL: If I may continue, the claimant may move to amend her or his complaint to assert a claim for punitive damages, as allowed by the Rules of Civil Procedure.
THE COURT: Correct.
REGO'S COUNSEL: The Rules of Civil Procedure shall be liberally construed so as to allow the claimant discovery of evidence to lead to admissible evidence
THE COURT: All of that is correct, but there is no requirement in the rules for any other amendment to the pleadings that there be clear and convincing evidence.
REGO'S COUNSEL: That's an evidentiary issue. That's going to determine whether we met our burden at trial.
THE COURT: We can theoretically debate that from now until the cows come home, but you are wrong, in my opinion. I think the standard is grossly different for punitive damages than it is for allowing any other kind of amendment.
Now, the problem that I have is you have a claim for fraud, although you haven't directly called it that. You called it fraud in the inducement, but you have a claim for fraud and this case from the Third District seems to say that whenever there is a sufficient basis for a fraud claim, if you have the right to ask for compensatory damages, that is sufficient in and of itself to assert a claim for punitive damages.

BANK'S COUNSEL: If he proffers the record evidence to support that.

REGO'S COUNSEL: Right.

BANK'S COUNSEL: And that's the problem. He doesn't have that for two reasons.
REGO'S COUNSEL: It's in the record, Your Honor.
THE COURT: His other count is a fraud claim.
BANK'S COUNSEL: It is. He says that I was misrepresented. That your statements misrepresented. He's represented to Your Honor that that's uncontroverted; not true.
TR. 18-22.
There follows a long discussion of the evidence that has been proffered and what Rego testified to in his deposition. TR. 22-25. The following then transpired:
THE COURT: Okay. I understand. The issue for me to decided [sic] today is not whether or not the plaintiff wins or it's not whether or not I grant a directed verdict for the defense. The issue is whether I permit the pleading. I am going to permit the pleading. So the motion to amend the complaint to add the punitive damage claim is granted.
Now, you are correct that you need to respond. Do you intend to do anything other that deny it?
BANK'S COUNSEL: I have to see his pleadings of ultimate facts. Under the law he has to plead these ultimate facts
THE COURT: Wait. All he's going to do is add punitive damages to the addendum clause. He doesn't need to add any other facts.

*1096 BANK'S COUNSEL: Your Honor, the case that I cited in the memorandum requires him to pleadhe can't just plead in wherefore clause. It requires pleadings in the ultimate facts.
THE COURT: Wait a second. His pleadings, which alleges fraud, which the rules require to be pled with specificity, has those ultimate facts. They are sufficient.
BANK'S COUNSEL: Okay.
THE COURT: So the only amendment is going to be to request an additional type of damages.
BANK'S COUNSEL: Then what I need to do, You Honor, is confer with my client to see if we can move to continue the trial.
REGO'S COUNSEL: I will put on the record, Your Honor, we are not seeking any financial discovery from them.
THE COURT: Hang on a second. Hang on a second. Then what are you asking the jury to do?
REGO'S COUNSEL: Award the jury award my client punitive damages.
THE COURT: What evidence are you going to have for punitive damages if you don't have financial information from the defense?
REGO'S COUNSEL: It's their burden to demonstrate their financial condition to the jury. If they are going to present evidence to that I'm not going to object to it. I want the jury to pass on whether they should be sanctioned punitively.
THE COURT: That's for me to take up at a Directed Verdict Motion, not now, all right? Please prepare an order, you can simply handwrite it, saying that the motion to amend the complaint to add a complaint for punitive damages is granted and your addendum clause is amended to include punitive damages in addition to compensatory damages.
REGO'S COUNSEL: Fair enough.
THE COURT: I don't know whether it's Count 1 or Count 2.
REGO'S COUNSEL: Count 1.
THE COURT: Okay. Fine. Whatever it is.
BANK'S COUNSEL: For the record, it's only Count 1.
THE COURT: It's only Count 1.
REGO'S COUNSEL: Well, I think
THE COURT: Hang on a second. That's a fraud claim.
REGO'S COUNSEL: We are also entitled to punitive damages for breach of fiduciary duty.
THE COURT: Nope. I'm not allowing the amendment. I'm only allowing it for the fraud claim. And I'm only doing it based on the fact that the Perlman versus Prudential Insurance Company says I have to because I will tell you, but for the case I wouldn't have allowed it at all. In my opinion the conduct for which punitive damages is allowable is supposed to be gross negligence or intentional misconduct. I do not find, even taking all the evidence in the light most favorable to the plaintiff that it rises to that level in this case. So but for the Perlman decision I wouldn't be allowing the amendment at all, based on the facts, even if they were undisputed. So I'm not allowing it in Count 2. I'm only allowing it in a fraud count and I'm only allowing it because the Third District says that I must.
TR. 25-29.

B. Perlman as Binding Precedent
It is clear from the quoted portions of the hearing on the motion to amend that the trial court had a knowledgeable grasp of the issues presented and the requirements of section 768.72. After allowing extensive argument, the court resolved the *1097 only meritorious procedural objection by refusing to consider the late-filed supplement. It then denied the motion to amend as to Counts II-IV and only granted as to Count I (fraudulent inducement). The discussion on Perlman is accurate. The trial judge did not state, as argued in the petition, that Perlman stood for the proposition that "the pendency of a fraud claim automatically satisfies the requirements for pleading punitive damages under Section 768.72, Florida Statutes." On the contrary, the trial court properly relied on Perlman. That opinion, authored by then Chief Judge Schwartz, quoted from Cruise v. Graham, 622 So.2d 37 (Fla. 4th DCA 1993), by stating:
The rule now seems clear in Florida that a claim of fraud sufficient to justify compensatory damages is also sufficient to support an award of punitive damages.

Id. at 41. The Cruise case, in turn, quoted from Rappaport v. Jimmy Bryan Toyota of Ft. Lauderdale, Inc., 522 So.2d 1005, 1006 (Fla. 4th DCA 1988)(in all cases of fraud, the jury is empowered to award punitive damages). Accord First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 539 (Fla.1987); see also Lou Bachrodt Chevrolet, Inc. v. Savage, 570 So.2d 306, 308 (Fla. 4th DCA 1990) (a claim of fraud sufficient to support a finding of compensatory damages is sufficient to support a claim of punitive damages being presented to the jury); Blue Cross/Blue Shield of Florida, Inc. v. Weiner, 543 So.2d 794, 797 (Fla. 4th DCA 1989). We have never receded from Perlman. In fact we cited it as authority in Solis v. Calvo, 689 So.2d 366, 369 n. 3 (Fla. 3d DCA 1997). Contrary to all of these cases, the petitioner argues that Rego had to make "a reasonable showing of intentional misconduct or gross negligence (equivalent to a conscious disregard of Rego's right)." Petition at 12. The petitioner then cites a string of cases, none of which mention the word fraud. See Petition at 12-14. Furthermore, the petitioner makes no attempt to show how Perlman or all the cases relied on by Perlman are somehow incorrect. Instead, the petitioner misrepresents how the trial court relied on Perlman.
Unfortunately, petitioner's misrepresentations have been adopted by the majority opinion, which states that the trial court found "insufficient evidentiary support for the amendment." A review of the entire transcript of the hearing does not contain any such finding. The majority then states that "the trial court would have denied the amendment in its entirety for lack of evidentiary support." Again, the transcript of the hearing does not contain any such statement. Later, the majority asserts that "the trial court's error was in reading Perlman expansively to allow a punitive damages claim in each instance when fraud is alleged." Respectfully, the trial court never said that. In the next paragraph, the majority writes that "[a]s the trial court noted, Rego merely presented a complaint that sufficiently alleged the ultimate facts necessary to proceed on a fraudulent inducement claim." The transcript contains no such statement. In the same paragraph, the majority states that the amendment was allowed "in spite of its finding of insufficient evidence." Not so. This assertion is repeated two more times. I have quoted all of the trial judge's relevant statements. The closest pronouncement is when he opines that the conduct should have to rise to the level of gross negligence or intentional misconduct. He then states that it does not rise to that level, but that he will follow Perlman.
In my view, the trial court would have committed reversible error not to follow the binding precedent of Perlman. I therefore would deny the petition for certiorari.

*1098 ON MOTION FOR REHEARING

PER CURIAM.
The motion for rehearing is denied.
LAGOA, J., and SCHWARTZ, Senior Judge, concur.
RAMIREZ, J., dissents.
Before GERSTEN, C.J., and COPE, GREEN, RAMIREZ, WELLS, SHEPHERD, SUAREZ, ROTHENBERG, LAGOA and SALTER, JJ.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
The motion for rehearing en banc is denied.
GERSTEN, C.J., and COPE, GREEN, WELLS, SHEPHERD, SUAREZ, ROTHENBERG, LAGOA and SALTER, JJ., concur.
RAMIREZ, J. (dissenting).
I dissent from our denial of rehearing and rehearing en banc because it leaves unclear what our instructions are upon remand.
In addition to the reasons given in my original dissent, the majority decision gives no guidance to the trial court on whether it should allow the respondent Rego the opportunity to renew his motion to amend to assert punitive damages or whether the issue is now foreclosed. Given that the majority has ruled that the trial judge committed a procedural error in allowing the amendment, I see no impediment to the renewal of the motion at a newly noticed evidentiary hearing. The majority's reversal was not based on the merits of Rego's claim for punitive damages. The majority reasoned that "the trial court's error was in ... allow[ing] a punitive damages claim in each instance when fraud is alleged, instead of only when a reasonable evidentiary basis has been submitted in support of the fraud claim." Maj. op. at p. 1090 (emphasis in the original). On rehearing, Rego points out that he "attempted to make an additional evidentiary proffer to the lower court, which the lower court did not permit." Thus, on remand, the trial court should allow such an evidentiary proffer.
NOTES
[1] This Court has certiorari jurisdiction to review a claim alleging failure to comply with the procedural requirements of section 768.72, Florida Statutes (2005). See Globe Newspaper Co. v. King, 658 So.2d 518, 519-20 (Fla. 1995); see also, Cypress Aviation, Inc. v. Bollea, 826 So.2d 1091, 1092 (Fla. 2d DCA 2002)(writ granted as trial court departed from the essential requirements of the law by allowing plaintiffs to proceed with claim for punitive damages without providing any evidentiary basis for the claim).
[2] The following exchange transpired at the hearing between Rego's counsel and the trial court:

THE COURT: Is it your position that punitive damages are always appropriate whenever there is a fraud claim?
REGO'S COUNSEL: In this case. Well, in this case
THE COURT: No, I don't mean only on this case. Are you saying that it's a general matter of law that every time that I have a fraud claim I have to have punitive damages?
REGO'S COUNSEL: I believe so, yes.
THE COURT: Do you have any case law to substantiate that?
REGO'S COUNSEL: We didwe have a case from 1997 out of the Third DCA, Perlman versus Prudential Insurance Company of America at 686 So.2d 1378. The headnote provides that, "If there is a claim of fraud sufficient to justify compensatory damage it is also sufficient to support an award of damages."
[3] The Perlman opinion does not cite or discuss section 768.72 and its statutory requirements.
[4] I will discuss this under Section II of my dissent.
[5] Rego presented materials obtained through discovery, and he also presented expert deposition testimony. "A reasonable showing by evidence in the record would typically include depositions, interrogatories, and requests for admissions that have been filed with the court." See Estate of Despain v. Avante Group, Inc., 900 So.2d 637, 642-44 (Fla. 5th DCA 2005).
[6] This is clearly a reference to the fact that the plaintiffs never made an evidentiary proffer to justify punitive damages because they convinced the trial court that the statute did not apply, or was automatically satisfied, not because the proffer was sufficient or insufficient.
[7] This is probably based on a statement in the Petition for Certiorari that: "The lower tribunal expressly held that Rego had failed to make the required showing." There is no citation to the record for this statement and a review of the entire transcript does not reveal any such statement.