PER CURIAM.
This matter is before us on a petition for writ of certiorari. Petitioner Hayden Lea-son seeks review of an order allowing a punitive damages amendment to one count of respondent Scott Farese’s complaint for fraudulent misrepresentation. See § 768.72, Fla. Stat. (2013). We deny the petition and write to clarify.
The record reflects that the trial court conducted an evidentiary hearing and considered evidence in addition to the allegations petitioner raised in the fraud count. At the conclusion of the hearing, the court made the following comment: “[f]acts, however, have been alleged that support a claim for fraud in Count I. The rule now seems clear in Florida that a claim of fraud sufficient to justify compensatory damages is also sufficient to support an award of punitive damage.” The petitioner argues that the court based its decision on its belief that a claim for fraud without evidentiary support can alone support a claim for punitive damages. While we agree with the petitioner that this is an inaccurate statement of law, the record establishes that the court, in fact, considered the evidence presented by the respondent in reaching its decision to allow the amendment to the complaint. See Espirito Santo Bank v. Rego, 990 So.2d 1088, 1090 (Fla. 3d DCA 2007) (explaining that allegations of fraud, alone, cannot support a punitive damages claim and must be supported by a reasonable evidentiary basis). We reiterate that allegations of fraud contained in a complaint cannot, standing alone, support a request to amend a complaint to include a claim for punitive damages. Such a request must be supported by a reasonable evidentiary basis. Id. Because the trial court followed the proper procedural requirements of section 768.72, Florida Statutes, we deny the petition. See Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995).

Petition Denied.

DAMOORGIAN, C.J., MAY and CIKLIN, JJ., concur.