SALTER, J.
 

 SCI Funeral Services of Florida, Inc. (“SCI”), seeks a writ of certiorari quashing a circuit court order allowing the respondents to assert a claim for punitive damages. We grant the petition.
 

 The proposed third amended complaint alleged the following facts. The respondents, plaintiffs below, are the parents of Yetsiyel Muñoz Ceballos, deceased. One of Mr. Ceballos’s parents entered into a contract with a Miami funeral home (Auxi-liadora Funeraria Nacional, or “Auxiliado-ra”). The contract contemplated that Mr. Muñoz Ceballos’s body would be shipped to Cuba, where a wake and burial would be conducted.
 

 SCI, doing business as “Gold Coast Crematory” and not affiliated with Auxiliado-ra, allowed Auxiliadora to store human remains in SCI’s cooler for a fee. Auxilia-dora’s employees, not SCI’s, transported Mr. Muñoz Ceballos’s body to SCI’s cooler, where they entered in SCI’s log book the date, the location in the cooler where the body was placed, Mr. Muñoz Ceballos’s name, an Auxiliadora employee’s name and signature, and an abbreviation showing that Auxiliadora was the funeral home. At the same time, the same two Auxiliadora employees delivered the body of another, unrelated, decedent, using the same log book procedure. The remains of the second decedent were to be cremated.
 

 It was later determined that Auxiliadora shipped the remains of the unrelated decedent to Cuba (instead of the remains of Mr. Muñoz Ceballos) and that Mr. Muñoz Ceballos’s body was cremated at the SCI facility. The allegations and pretrial discovery relating to Auxiliadora also alleged that its owner, Mr. Alkhalifa, and other employees deceived Mr. Muñoz Ceballos’s family for days regarding the actual circumstances of the cremation. There were no such allegations regarding SCI or its own employees.
 

 In their proposed third amended complaint, Mr. Muñoz Ceballos’s parents sought damages against Auxiliadora for tortious interference, intentional infliction of emotional distress, violation of Florida Statutes Chapter 497,
 
 [1]
 
 and punitive dam
 
 *1275
 
 ages, and against SCI for negligence, violations of Chapter 497, and punitive damages. The trial court declined to make findings that would impute the alleged conduct of SCI’s employee or employees to SCI under the applicable statutory procedure. Subsections 768.72(2) and (8), Florida Statutes (2013), specify:
 

 (2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:
 

 (a) “Intentional misconduct” means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
 

 (b) “Gross negligence” means that the defendant’s conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
 

 (3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and:
 

 (a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
 

 (b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or
 

 (c)The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.
 

 Here, as in
 
 Coronado Condominium Ass’n, Inc. v. La Corte,
 
 103 So.3d 239 (Fla. 3d DCA 2012), the respondents failed to proffer evidence satisfying any of the three categories of corporate involvement established in section 768.72(3)(a), (b), or (c), as required to subject SCI to a punitive damages claim. The respondents’ failure to comply with this statutory procedure and the trial court’s resulting order may be redressed by certiorari.
 
 Espirito Santo Bank v. Rego,
 
 990 So.2d 1088 (Fla. 3d DCA 2007).
 

 Based on these authorities and our review of the record, we grant the petition and quash the order granting leave to the plaintiff/respondents to add a punitive damages claim against SCI.
 

 [1]
 

 . The Florida Funeral, Cemetery, and Consumer Services Act. § 497.001, Fla. Stat
 
 *1275
 
 (2013).