DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY** and **PHILIP MORRIS USA INC.,**
Appellants,

v.

**LOURDES JONES,** as Personal Representative of the
**ESTATE OF YOLANDA ALVAREZ,**
Appellee.

No. 4D2023-2077

[June 5, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 11-027049 CACE (05).

Val Leppert of King & Spalding LLP, Miami, for appellant R.J. Reynolds Tobacco Company.

David M. Menichetti and James W. Feeney of Arnold & Porter Kaye Scholer LLP, Washington, DC, for appellant Philip Morris USA Inc.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Jonathan R. Gdanski and Brittany Barron of Schlesinger Law Offices, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

Tobacco company defendants ("Defendants") appeal an order allowing a Plaintiff to plead a punitive damage claim in an *Engle*[1] progeny wrongful death case. We affirm.

Defendants contend that the trial court erred in allowing Plaintiff to plead the claim because Defendants have previously paid hundreds of millions in punitive damages. Defendants contend that section 768.73(2),

---

[1] *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006).

Florida Statutes (2022), limits any further punitive damages against them.[2]

Our review in this proceeding is de novo and limited to whether the trial court erred in granting leave to amend to assert a claim for punitive damages under section 768.72(1), Florida Statutes (2022). This subsection controls the right to plead a punitive damage claim and provides (in relevant part): "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." *Id.*

The focus at the pleading stage is whether there is a "reasonable evidentiary basis for recovery of punitive damages," not the amount of punitive damages that the Plaintiff may ultimately be able to collect. *See Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995) (explaining that section 768.72(1) creates "a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages").

Whether the caps and limitations in section 768.73 apply to limit an award of punitive damages is a separate inquiry. The subsection at issue provides:

> (2)(a) Except as provided in paragraph (b), punitive damages may not be awarded against a defendant in a civil action if that defendant establishes, before trial, that punitive damages have previously been awarded against that defendant in any state or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages. For purposes of a civil action, the term "the same act or single course of conduct" includes acts resulting in the same manufacturing defects, acts resulting in the same defects in design, or failure to warn of the same hazards, with respect to similar units of a product.
>
> (b) In subsequent civil actions involving the same act or single course of conduct for which punitive damages have already

---

[2] This subsection became effective in 1999, and the Florida Supreme Court has held it applies to an *Engle* progeny wrongful death suit where the decedent died after October 1, 1999. *Sheffield v. R.J. Reynolds Tobacco Co.*, 329 So. 3d 114, 125 (Fla. 2021).

been awarded, if the court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior, the court may permit a jury to consider an award of subsequent punitive damages. In permitting a jury to consider awarding subsequent punitive damages, the court shall make specific findings of fact in the record to support its conclusion. In addition, the court may consider whether the defendant's act or course of conduct has ceased. Any subsequent punitive damage awards must be reduced by the amount of any earlier punitive damage awards rendered in state or federal court.

§ 768.73(2), Fla. Stat. (2022).

The trial court did not err in finding a reasonable basis to allow Plaintiff to plead the punitive damages claim. Plaintiff proffered abundant evidence that has been ruled sufficient to support punitive damages in past *Engle* progeny cases. As we have explained, the inquiry at this stage is solely whether a plaintiff has a reasonable evidentiary basis to prove the requirements for punitive damages.

> [A] "reasonable showing by evidence" of "a reasonable basis" for punitive damages means the movant must demonstrate the movant will be able to produce competent, substantial evidence at trial upon which a rational trier of fact could find that the defendant specifically intended to engage in intentional or grossly negligent misconduct that was outrageous and reprehensible enough to merit punishment.

*Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 33–34 (Fla. 4th DCA 2023).

Section 768.73's caps and limitations on punitive damage awards are separate from this initial inquiry and play no role at the pleading stage. At the pleading stage, the trial court cannot make factual determinations as to whether section 768.73(2) permits an additional award of punitive damages. Under this subsection, Defendants must establish that punitive damages were previously awarded against them in an action "alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages." § 768.73(2)(a), Fla. Stat. (2022). If Defendants meet this burden, then Plaintiff must prove by clear and convincing evidence "that the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior." § 768.73(2)(b), Fla. Stat. (2022).

Affirmance is without prejudice for Defendants to seek relief under section 768.73(2) through an appropriate motion in the trial court.

*Affirmed.*

CIKLIN, KUNTZ and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***