DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLTON CONDOMINIUM ASSOCIATION, INC.,**
Petitioner,

v.

**DOMINIQUE MINIACI** and **ROBERT STETSON,**
Respondents.

No. 4D2025-1458

[September 3, 2025]

Petition for writ of certiorari to the County Court for the Seventeenth Judicial Circuit, Broward County; Steven P. DeLuca, Judge; L.T. Case No. CONO23-003996.

Ashley N. Landrum and Mariel Weber of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, and Stuart J. Zoberg of Shir Law Group, Boca Raton, for petitioner.

William R. Scherer and Jason R. Adamsky of Conrad & Scherer, LLP, Fort Lauderdale, for respondents.

KLINGENSMITH, J.

Petitioner, Carlton Condominium Association, Inc., seeks a writ of certiorari to quash the trial court's order denying its motion to strike Respondents' punitive damages counterclaims. For the reasons set forth below, we grant the petition.

Petitioner brought the underlying eviction action. In response, tenant Dominique Miniaci and landlord/unit owner Robert Stetson (collectively "Respondents"), claimed that Petitioner discriminated against the tenant and interfered with her use of a service dog by harassing her and refusing to renew approval of her lease with the landlord.

Respondents pleaded claims in counts I and V under Florida's Fair Housing Act, sections 760.20-37, Florida Statutes (2024). Petitioner moved to strike the punitive damages claims in those counts, arguing that Respondents failed to obtain leave of court as required by section 768.72, Florida Statutes (2024).

At the hearing, Respondents argued section 768.72 does not apply, citing the Florida Civil Rights Act, which provides:

> The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. The provisions of ss. 768.72 and 768.73 do not apply to this section.

§ 760.11(5), Fla. Stat. (2024). Petitioner argued that Respondents' claims fall under Florida's Fair Housing Act, sections 760.20-37, and thus the above exception, which applies to claims under section 760.11 of the Florida Civil Rights Act, does not apply. The trial court subsequently entered an order denying Petitioner's request to strike the punitive damages claims.

We grant Petitioner's request to quash the trial court order. The failure to follow section 768.72's procedure has long been recognized as grounds for certiorari relief. *Globe Newspaper Co. v. King*, 658 So. 2d 518, 520 (Fla. 1995) ("[C]ertiorari review is appropriate to determine whether a court has conducted the evidentiary inquiry required by section 768.72, Florida Statutes. . . ."). Here, Respondents' argument that the procedure does not apply to their claims under section 760.35 of Florida's Fair Housing Act has no merit. The Fair Housing Act contains no exception from section 768.72's requirements.

The exception on which Respondents relied—referenced in section 760.11 of the Florida Civil Rights Act—does not apply here. *Cf.* § 760.11(5), Fla. Stat. (2024) (allowing for punitive damages and stating that "[t]he provisions of ss. 768.72 and 768.73 do not apply *to this section.*") (emphasis added). Under 760.11(5)'s plain language, this exception applies solely to "this section," i.e., section 760.11, and not to the entirety of Chapter 760. The Fair Housing Act includes only "[s]ections 760.20-760.37." § 760.20, Fla. Stat. (2024). The exception is therefore inapplicable to Respondents' claims under section 760.35. Florida's Fair Housing Act is not part of the "Florida Civil Rights Act of 1992," which covers only "[s]ections 760.01-760.11 and 509.092." § 760.01(1), Fla. Stat. (2024).

In sum, Fair Housing Act claims are not exempt from compliance with section 768.72's procedure, and the trial court departed from the essential requirements of law in failing to enforce compliance. Accordingly, the petition is granted, and the order is quashed. The trial court shall strike

the punitive damage claims without prejudice to Respondents' ability to seek leave to amend in compliance with section 768.72.

*Petition granted.*

KUNTZ, C.J., and FORST, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3