*1007
 
 VAN NORTWICK, J.
 

 Following an adverse jury verdict on a fraud claim, Wayne Frier Home Center of Pensacola, Inc. (Wayne Frier), filed an appeal, while Vanessa Hartley and the estate of Robert Hartley cross-appealed the trial court’s denial of their motion to amend their complaint to add a claim for punitive damages. Wayne Frier has voluntarily dismissed its appeal, while the cross-appeal remains pending. We conclude that the trial court erred in denying the Hart-leys the opportunity to add a punitive damages claim and reverse and remand for further proceedings.
 

 Vanessa Hartley and her grandfather, Robert Hartley, entered into a contract with Conseco Finance Servicing Corporation for the purchase of a repossessed mobile home that they selected at Wayne Frier’s facility in Pensacola. Wayne Frier was acting as the broker in the transaction. Ms. Hartley and her daughter had inspected the home before the execution of the purchase contract. A Wayne Frier employee inserted the serial number of the selected home in the purchase contract. There is no dispute that the home delivered to the Hartleys was not the home listed on the purchase contract, that Wayne Frier substituted another mobile home for the home selected by Ms. Hart-ley, and that a Wayne Frier employee changed the purchase contract to strike out the serial number of the home selected and add the serial number of the substituted home. Ms. Hartley refused to accept delivery of the substituted home and denied that she verbally agreed to a substitution. She also refused to make payments on the substituted home. Conseco filed a complaint to foreclose the mortgage against Ms. Hartley and her grandfather. The Hartleys raised several affirmative defenses and filed a counter-claim seeking rescission of the contract. They later amended their counterclaim to add a third party complaint against Wayne Frier based upon breach of contract, fraud and violation of Florida’s Deceptive and Unfair Trade Practices Act, section 501.204, Florida Statutes. Cadlerock Joint Venture, L.P., the successor in interest to Conseco, obtained a partial summary judgment against the Hartleys in the amount of $78,871.71. The Hartleys then moved to amend their third party complaint to add a claim for punitive damages against Wayne Frier Home Center. The Hartleys attached to the motion to amend an excerpt from the deposition of Vanessa Hartley and filed the deposition of Barry Roberson, Wayne Frier’s managing agent, in support of the motion. In her deposition, Hartley testified that she was never notified that the mobile home she selected was sold before her purchase contract could be finalized and that she never agreed to a substitution. She further testified that she spoke with Wayne Frier’s manager, Roberson, who agreed to meet her at the substituted home and inspect it. She said that Roberson offered to make some improvements to the home, but Hartley declined because in her opinion the condition of the home delivered was much poorer than the one she selected.
 

 As pertinent to the Hartleys’ punitive damages claim, in his deposition Roberson testified as follows:
 

 Q. Was it your company’s policy, once you discovered that the home was sold and the customer picked out a new mobile home, to write up a new contract or just scratch the numbers as you did in this — or as Patrick did in this particular case?
 

 A. Yes. Conseco — -and is probably a lazy practice, but Conseco accepts it. They asked Patrick to draw a line through the old repo number and put the new repo number since nothing else
 
 *1008
 
 changed in the contract as far as year, make, model or anything else to do with it.
 

 Q. Uh huh.
 

 A. And so he did that instead of calling Ms. Hartley, and, you know, following the procedure that he should have followed to have her come back in and resign after she looked at the other home. And he didn’t do that. He just — after she accepted it — he just drew a line and wrote the other repo number and faxed it over to the bank, per their request, and it was good enough for them.
 

 Roberson was also asked whether it was Wayne Frier’s practice to obtain a customer’s signature consenting to the change in the mobile home. He answered that, in connection with the sale of a repossessed mobile home, it was a common practice not to obtain consent of the customer.
 

 The trial court denied the motion to amend after receiving argument of counsel. The trial court found that while
 

 it appears from facts of record that an employee of third party defendant may have been guilty of intentional tortious acts, the record does not establish that such acts were committed with the knowledge or assent of the employer to impute liability vicariously to it for the misconduct of its employee.
 

 The case proceeded to a jury trial following which the jury returned a verdict against Wayne Frier and in favor of the Hartleys on the claims for breach of contract, fraud and deceptive and unfair trade practices and fraudulent misrepresentation. The jury awarded $103,288.45 in damages to the Hartleys under the fraudulent misrepresentation claim. The trial court denied a motion to set aside the verdict and entered a judgment consistent with the jury’s verdict.
 

 On cross-appeal, the Hartleys argue the trial court erred as a matter of law in denying the motion to amend their third party complaint to add a claim for punitive damages. As noted, the trial court denied the punitive damages claim because it found the record did not establish that the employee’s tortious acts were committed with the knowledge and assent of the employer. The Hartleys argue that, in so ruling, the trial court applied the wrong standard and that it was sufficient if the Hartleys, as the moving parties, proffered evidence of an after-the-fact assent. The Hartleys asserted that the deposition testimony of Roberson established that he became aware that the purchase contract was changed by Wayne Frier’s salesman who crossed out the initially entered serial number and replaced it with the serial number of the home delivered to the Hart-leys; and that such a procedure was a common practice. Wayne Frier, however, argues that the Hartleys mischaracterize the deposition testimony of Roberson.
 

 To plead a claim for punitive damages, a party must comply with section 768.72, Florida Statutes.
 
 Leavins v. Crystal,
 
 3 So.3d 1270 (Fla. 1st DCA 2009);
 
 Estate of Despain v. Avante Group, Inc.,
 
 900 So.2d 637 (Fla. 5th DCA 2005). Section 768.72(1) provides that in any civil action no claim for punitive damages shall be permitted “unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.” Section 768.72(2) provides that after a claim for punitive damages is made, a defendant may be held liable for those damages only if the trier of fact finds based on clear and convincing evidence that defendant was personally guilty of intentional misconduct or gross negligence. In the case of an employer, a principal, corporation or other legal entity, section
 
 *1009
 
 768.72(3) provides that punitive damages may be imposed for the conduct of an employee if the employee was personally guilty of intentional misconduct or gross negligence, and (a) the employer actively and knowingly participated in such conduct; (b) officers, directors or managers of the employer knowingly condoned, ratified or consented to such conduct; or (c) the employer engaged in gross negligence which contributed to the injury suffered by the party making a claim for punitive damages.
 

 Our standard of review is
 
 de novo. Tiger Point Golf and Country Club v. Hipple,
 
 977 So.2d 608 (Fla. 1st DCA 2007). In evaluating the sufficiency of the evidence proffered in support of a punitive damages claim,-the evidence is viewed in a light favorable to the moving party.
 
 Estate of Williams ex rel. Williams v. Tandem Health Care of Florida,
 
 899 So.2d 369, 376 (Fla. 1st DCA 2005) (“When a claim for punitive damages is made, the trial court must decide, after the submission of evidence, whether there is a legal basis for the recovery of punitive damages shown by any interpretation of the evidence favorable to the plaintiff.”);
 
 Estate of Despain.
 

 Here, the Hartleys proffered evidence that the mobile home delivered was not the home which Ms. Hartley agreed to purchase when the purchase contract was signed. The Hartleys never lived in the home that was delivered and contacted Wayne Frier promptly to reject delivery. Ms. Hartley informed Roberson, Wayne Frier’s manager, who met Ms. Hartley after the delivery, that the home delivered was not the home she agreed to purchase. Further, Roberson testified that, as a matter of company practice, in the sale of repossessed mobile homes the homes could be switched and serial numbers changed on the sale documents without the purchaser signing the amended purchase contract. The purchase contract proffered by the Hartleys shows a change in the serial number. Under these proffered facts, when viewed in a light favorable to the Hartleys, there was a showing of a reasonable basis for the recovery of punitive damages. The evidence could support a finding that the management of Wayne Frier participated in the substitution of a mobile home without the consent of the buyer or condoned or consented to such practice.
 
 See
 
 § 768.72(3)(a) and (b), Fla. Stat.
 

 Accordingly, the order denying amendment to add a claim for punitive damages is REVERSED, and the cause is REMANDED for further proceedings consistent with this opinion.
 

 KAHN and BENTON, JJ„ concur.