ROTHENBERG, Judge.
Royal Caribbean Cruises, Ltd. (“RCCL”) seeks certiorari relief from: (1) an order granting the plaintiffs, Jane Doe and her minor daughter Sara Doe, leave to amend their complaint to assert a claim for punitive damages; and (2) an order denying, in part, RCCL’S motion for a protective order. We grant RCCL’s petitions; quash the trial court’s order granting the plaintiffs’ motion to amend their complaint to assert a punitive damages claim; and quash portions of the trial court’s order regarding the discovery issues.
The relevant evidence is as follows. At approximately 2:05 a.m. on April 29, 2004, Alexander Rutta, one of RCCL’s crewmen who was extremely intoxicated, began knocking on several of the passengers’ cabin doors. Rutta gained access to two cabins and was pushed out before he knocked on the plaintiffs’ cabin door. The passengers in the first two cabins reported the incident by calling an emergency number which was routed to the purser’s office. The passengers were told that RCCL’s security officers were attempting to locate a missing child aboard the ship, and they would send security as soon as they could. Before security could respond to these complaints, Rutta knocked on the plaintiffs’ door. When Jane Doe opened the door, Rutta pushed his way into her cabin, grabbing her on her shoulders. Jane Doe, who was able to push Rutta out of her cabin, called the purser’s office and reported the incident. Jane Doe was also *232 told that security was busy and it would respond as soon as it could. Ms. Doe called another passenger, who responded and restrained Rutta until security arrived.
The following morning, after the ship docked in Brevard County, law enforcement interviewed each of the passengers who had contact with Rutta. All of the passengers, including the plaintiffs, reported that Rutta appeared to be extremely intoxicated, lost, and looking for a place to sleep, and at no time did he appear that he wanted to harm them. All of the passengers stated that they did not wish to prosecute any claims against Rutta and each signed a non-prosecution form. Rutta was fired by RCCL and deported to his native country.
The following year, Jane Doe filed a lawsuit against RCCL on her behalf and on behalf of her daughter, Sara Doe, asserting negligence, assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. The trial court ultimately granted summary judgment in favor of RCCL as to the plaintiffs’ claim for intentional infliction of emotional distress; RCCL stipulated to the plaintiffs’ claim of negligence; and the case was set for trial on the issues of causation and damages. Approximately one month before the trial was scheduled to commence, the plaintiffs filed a motion requesting leave to amend the “wherefore” clause of their complaint to add a request for punitive damages and noticed RCCL’s corporate representative for deposition, listing forty-one areas of inquiry. In response, RCCL filed a motion for a protective order. The trial court entered two orders: (1) granting the plaintiffs’ motion to amend their complaint; and (2) granting portions of RCCL’S motion for a protective order but allowing inquiry into a number of areas. RCCL seeks quashal of both orders.
THE ORDER AUTHORIZING AN AMENDMENT FOR PUNITIVE DAMAGES
Section 768.72(1), Florida Statutes (2009), provides that “[i]n any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis of such damages.” In Globe Newspaper Co. v. King, 658 So.2d 518, 519 (Fla.1995), the Florida Supreme Court concluded that section 768.72 creates “a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages.” (emphasis added).
Although the court in Globe declined to interpret section 768.72 to permit certiora-ri review to test the sufficiency of the evidence considered by the trial judge, it did hold that certiorari review is appropriate to determine whether a court has conducted the evidentiary inquiry required by section 768.72. The Florida Supreme Court “specifically agreefd] with the reasoning of the Fourth District in its decision in Sports Products, Inc. [v. Estate of Inalien, 658 So.2d 1010 (Fla. 4th DCA 1994) ], that certiorari review is appropriate to determine whether a court has conducted the evidentiary inquiry required by section 768.72, Florida Statutes.” Globe, 658 So.2d at 520.
In Globe, the Florida Supreme Court also specifically agreed with the Fourth District in Kraft General Foods, Inc. v. Rosenblum, 635 So.2d 106 (Fla. 4th DCA 1994), and Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991), that al *233 lowing a punitive damages claim where the procedures of section 768.72 have not been followed would render the statute meaningless. Globe, 658 So.2d at 519-20. Thus, the procedure mandated by section 768.72 must be followed, and failure to adhere to that procedure is a departure from the essential requirements of the law, reviewable by certiorari. Id.
Section 768.72 provides in pertinent part:
(2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:
(a) “Intentional misconduct” means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
(b) “Gross negligence” means that the defendant’s conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
(3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and:
(a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
(b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or
(c)The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.
As previously stated, section 768.72(1) provides that damages shall not be permitted unless there is a reasonable showing by evidence, either in the record or proffered by the claimant, that would provide a reasonable basis for recovery of such damages. Thus, the statute requires the trial court to examine and consider the evidence and determine whether the evidence reasonably would support a finding that RCCL’s conduct was either intentional or constituted gross negligence (reckless or wanton disregard or indifference to the life, safety, or rights of its passengers) and RCCL (1) actively and knowingly participated in the conduct; (2) knowingly condoned or ratified the conduct; or (3) by its gross negligence, contributed to the plaintiffs’ damages.
Because there is no evidence in this record to suggest that the trial court made an evidentiary inquiry and/or factual determinations as required by section 768.72, we grant RCCL’s petition and quash the trial court’s order granting the plaintiffs’ motion to amend their complaint to include a claim for punitive damages. We make this determination based on the trial court’s comments made during a status hearing prior to the hearing on the plaintiffs’ motion to amend its complaint, the subsequently conducted hearing, and the order issued by the trial court.
The record reflects that after the trial judge rotated into the division, he set a status conference for this case. One week before the scheduled status conference, the plaintiffs filed their motion for leave to amend their complaint to include a claim *234 for punitive damages. During the status conference, the plaintiffs informed the trial judge of their recently filed motion, and RCCL requested that the trial court set the motion for a hearing. Although the trial judge knew very little about the case and had not yet seen the motion, he informed the lawyers that he typically grants these motions. Therefore, the lawyers should not waste their time on the facts, and instead concentrate their arguments on the law.
THE COURT: Okay. Historically speaking, I cannot think of any number — any cases except one where I have denied a motion to add punitive’s [sic] based on the facts presented to me. Okay? So I think you need to spend a lot of time arguing or preparing to argue the ... I’m sorry, could you tell me the last thing that I just said?
PLAINTIFFS’ COUNSEL: If I might, I’m thinking that you were saying there wasn’t a punitive damage motion you had denied on the facts, and I think you were going to go one step beyond that.
THE COURT: I can only think of one case where I’ve denied a punitive damage motion on the basis of the facts of the case. So historically speaking, I have always granted motions to amend to include punitive damages on the basis of facts. This is a maritime law case, which is different than a general negligence or a general personal injury case, as far as I’m sure everything goes. So please concentrate your arguments on the law as it related to punitive damages and maritime issues and don’t waste your time and your paper and your energies on the factual scenario, except ás it applies to maritime law. Okay? And that tells you in advance, at least, what my historical perspective is on punitive damages.
A review of the hearing transcript reflects that the trial court, true to its warnings at the status conference, confined the lawyers to arguing the law. After the hearing, the trial court made no findings on the record. In its subsequently issued order, the trial court again made no factual findings and merely granted the motion to amend the complaint to add a claim for punitive damages on the authority of Lavoie v. Suncruz Casino Cruises, LLC, No. 4: 08-CV-2183-RBH, 2009 WL 425815, at *1, (D.S.C. Feb. 18, 2009). Lavoie, however, is an unreported South Carolina Federal District Court order denying Suncruz’s motion to dismiss, not an opinion by a Florida appellate court enjoying any prec-edential value.
The trial court’s reliance on Lavoie is also misplaced as the Lavoie court itself noted that there is a split of authority on whether punitive damages are available at all in maritime passenger actions, and that the issue has not yet been definitively resolved. Id. at *6-7. We also specifically note that this Court in Carnival Corp. v. Iscoa, 922 So.2d 359, 360 (Fla. 3d DCA 2006), expressed its “grave misgivings about [] Iscoa’s entitlement to advance [his punitive damages] claim under maritime law,” and noted that in In re Amtrak “Sunset Ltd.” Train Crash in Bayou Canot, Alabama, on September 22, 1993, 121 F.3d 1421 (11th Cir.1997), the Eleventh Circuit held that punitive damages are precluded in personal injury actions brought under general maritime law except in cases involving intentional wrongdoing.
Although the Lavoie court denied Sun-cruz’s motion to dismiss the punitive damages claim based on its “inclination” to allow such a claim if the plaintiff was able to allege the standard of conduct required to establish entitlement to punitive damages, it reserved ruling on the issue until *235 “a later time,” and noted that the courts in “admiralty cases usually deny punitive damages in cases of imputed fault, holding that a principal or master cannot be held liable for an agent or servant’s wanton or willful misconduct unless the principal or master participated in or ratified the wrongful conduct.” Lavoie, 2009 WL 425815, at *7. Thus, under Lavoie, it would appear punitive damages would only potentially be available in the instant case if RCCL participated or ratified Rutta’s behavior. The trial court made no such finding, and a review of the complaint, proffer, and depositions reveals no such claim.
More importantly, however, is the fact that the trial court’s ruling was clearly based on whether a non-seaman plaintiff may seek punitive damages in a maritime case based on the imputed fault of a principal or master, not whether, under the facts of this case, RCCL’s conduct could reasonably subject it to punitive damages under section 768.72. Because the trial court failed to make a determination that there exists a reasonable evidentiary basis for the recovery of punitive damages as required, Globe, 658 So.2d at 519, it departed from the essential requirements of the law and violated RCCL’s substantive legal right not to be subjected to a punitive damages claim and the ensuing financial worth discovery. Id. Accordingly, we quash the trial court’s order granting the plaintiffs’ motion for leave to amend their complaint to include a claim for punitive damages.[1]
THE DISCOVERY ORDER
This case previously came before this Court on a petition for writ of certiorari regarding a discovery order requiring RCCL to produce incident reports dealing with assaults and/or batteries committed by crewmembers on RCCL’s nineteen vessels for the three-year period preceding this incident. Royal Caribbean Cruises, Ltd. v. Doe, 964 So.2d 713 (Fla. 3d DCA 2007) (“Doe 7”). In Doe I, this Court quashed the discovery order and limited the scope of discovery to incidents involving this particular crewmember. On June 2, 2009, the plaintiffs scheduled RCCL’s corporate representative’s deposition, asserting forty-one areas of inquiry. RCCL moved for a protective order, relying on this Court’s directive in Doe I, and claiming that the areas of inquiry were over-broad, irrelevant, unduly burdensome, and designed to circumvent the prior ruling of this Court. RCCL seeks review of the trial court’s order permitting inquiry as to the items listed in paragraphs 9,15,16, 33, 39, and 40.
We conclude that the requests made in paragraphs 15, 16, and 39 are barred by Doe I. The plaintiffs are entitled to their requests in paragraphs 9 and 33 because they are not departures from the essential requirements of law, and with respect to paragraph 40, pursuant to Doe I, the plaintiffs are only entitled to the security staffing requests made during the three-year time period prior to the incident in question. For ease of application, we list the relevant paragraphs below:
9. The procedures, guidelines, rules, or regulations that were in effect for notifying shore based law enforcement concerning a passenger assault which were in effect in April, 2004.
15. The number of assaults which occurred upon RCCL vessels for the five year period preceding the incident described in the Complaint.
*236 16. The method of collecting, recording, storing, and retrieving information concerning past assaults occurring on board RCCL vessels for the five year period preceding the incident described in the Complaint.
33. Standardized guidelines that existed in 2004 at the time of the incident described in the Complaint for Damages and Demand for Jury Trial for responding to assaults.
39. The number of assaults between crew and passengers for the five year period preceding April 29, 2004.
40. Security staffing, work hour and duty changes on board the M/S Sovereign of the Seas from 1995 to 2005.
CONCLUSION
We quash the trial court’s order granting the plaintiffs leave to amend their complaint to include a claim for punitive damages based on the trial court’s failure to follow the requisite procedure by not conducting the evidentiary inquiry and determining whether a reasonable basis exists for recovery of punitive damages. We also quash that part of the trial court’s order denying RCCL’s motion for a protective order as to paragraph numbers 15,16, and 39, and limit inquiry in paragraph number 40 to the three-year period prior to the incident. Based on the trial court’s unsolicited remarks indicating its proclivity to grant motions to add claims for punitive damages, its failure to consider whether the facts of the case warranted granting such a motion as required by section 768.72, and its remarks indicating its displeasure when it was informed by RCCL of RCCL’s intent to seek certiorari review of its orders, our remand is accompanied with directions to assign this case to a different judge.
Petitions granted with directions.

. Because the issue of whether in a maritime case a principal or agent may be held liable for an agent or servant's wanton or willful misconduct that results in injury to a non-seaman (here a passenger) was not raised in the instant petition, we do not address it here.