SALTER, J.
Coronado Condominium Association, Inc.,, petitions for a writ of certiorari quashing a circuit court order granting Mr. Rocque La Corte’s motion to amend to add a claim for punitive damages. Finding a failure by La Corte to comply with the procedure applicable to employers and corporate defendants under section 768.72(3), Florida Statutes (2012), we grant the petition and quash the order.
A claimant’s failure to comply with the procedural requirements of the punitive damages statute may be redressed via certiorari. Royal Caribbean Cruises, Ltd. v. Doe, 44 So.3d 230 (Fla. 3d DCA 2010).
La Corte’s proposed third amended complaint and his'verified motion for leave to add the claim for punitive damages describe numerous alleged misrepresentations, acts, and omissions on the part of the employees serving as the property manager for the Association and others working for a contractor performing balcony work at the Coronado condominium.[1] Those record materials do not, however, comply with the statutory procedure to impute the alleged misconduct to the Association as employer of the alleged tortfea-sors (or as a corporate defendant) for purposes of punitive damages:
(3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) [defining the requirements for “intentional misconduct” and “gross negligence”] and:
(a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
(b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or
(c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.
§ 768.72(3), Fla. Stat. (2012).
La Corte’s third amended complaint and verified motion assume that the *241 alleged misconduct of the individual property managers and construction workers— who were not, on the record before us, officers or members of the board of directors of the Association — is, without more, misconduct of the Association for purposes of section 768.72. That is contrary to the plain language of the statute. There are references in the third amended complaint to a single, unnamed “Association board member,” but those references do not allege the Association’s active, knowing participation in, or consent to, misconduct by the property management or contractor’s employees.
During the hearing on the motion to add a claim for punitive damages, La Corte’s counsel referred repeatedly to alleged misconduct by “Veronica, the defendant’s manager.” The record, however, establishes that the individual employee by that name was a licensed property (community association) manager, not a controlling officer, director, or “manager” of the Association as a corporate entity.[2] Similarly, La Corte’s allegations regarding the balcony repair contractor’s employees’ trespass and use of La Corte’s bathroom, damage to the walls of his unit, and removal of carpeting and plumbing parts, do not involve active, knowing participation by, or the consent or gross negligence of, the Association as an entity. La Corte’s pleadings and arguments apply the common law rules of agency and vicarious liability rather than the specific and heightened rules of imposition established by the Legislature in section 768.72(3). Those rules were described and applied in Wayne Frier Home Center of Pensacola, Inc. v. Cadlerock Joint Venture, L.P., 16 So.3d 1006 (Fla. 1st DCA 2009) (movant showed not only misconduct by an employee, but also as a matter of company practice). The record in the case at hand includes no such evidence or proffered evidence.
For these reasons, we grant the Association’s petition and quash the order of August 22, 2012,[3] granting La Corte’s verified motion for leave to amend to plead punitive damages.

. In the case below, La Corte did not sue the individual property managers or the contractor repairing the balconies: the Association is the sole defendant.

. Section 768.72(3)(b) applies to “officers, directors, or managers of the employer, principal, corporation, or other legal entity.” The context makes it clear that this is a reference to those in control of the entity (not, as here, those in control of the management of the condominium property under a contract with the association). Compare § 608.402(18), Fla. Stat. (2012) ("manager” of a limited liability company), with § 468.431(4), Fla. Stat. (2012) ("community association manager” for licensure requirement), and § 718.11 l(l)(a), Fla. Stat. (2012) (referring to a "manager employed by the association," thus recognizing the distinction between an association and its manager).

. The first two paragraphs of the order, apparently prepared by La Corte’s counsel, also mistakenly identify the Association as the plaintiff in the lawsuit.