# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1315
Lower Tribunal No. 15-013964

## Fetlar, LLC, et al.,
Petitioners,

vs.

## Kerry Suarez, etc., et al.,
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Lewis Brisbois Bisgaard & Smith and Todd Ehrenreich, Seth V. Alhadeff and Ravika Rameshwar, for petitioners.

Loreen I. Kreizinger and Justine S. Anagnos (Fort Lauderdale), for respondents.

Before SALTER, FERNANDEZ and SCALES, JJ.

SALTER, J.

Fetlar, LLC, Sway 204-1 Borrower, LLC, Sway Management, LLC (doing business as "Waypoint Homes"), and SRP Sub, LLC, defendants in the wrongful

death lawsuit below, petition for a writ of certiorari quashing a circuit court order granting the plaintiffs' motion to amend to add a claim for punitive damages. The plaintiffs, respondents here, are the co-personal representatives of the estate of their son, Alfredo Suarez. Alfredo, then eight years old, died when a driveway gate gave way and fell on him. The four defendants are companies which owned, managed, or maintained the rented residence where Alfredo and his family lived and where the incident occurred.

Because the respondents failed to comply with the procedure applicable to motions to amend to add claims for punitive damages, Florida Rule of Civil Procedure 1.190(f), and failed to make the proffer required to assert such claims against corporate defendants under section 768.72(3), Florida Statutes (2016), we grant the petition and quash the order.

A claimant's failure to comply with the procedural requirements of the punitive damages statute may be redressed via certiorari. Royal Caribbean Cruises, Ltd. v. Doe, 44 So. 3d 230 (Fla. 3d DCA 2010).

Rule 1.190(f)

The plaintiffs filed a motion to amend to add a claim for punitive damages, but they did not attach to their motion their proposed amended complaint. Instead, they included in the body of their motion the facts asserted to meet the proffer required by section 768.72. The plaintiffs did not file their amended complaint

2

containing the claims for punitive damages until after the trial court granted their motion to amend.

Florida Rule of Civil Procedure 1.190(a) specifies that a party filing a motion to amend "shall" attach the proposed amended pleading to the motion. The plaintiffs argue that it is permissible to file a motion to amend "separately" when the proposed amendment only adds the punitive damages claims, based on their interpretation of Rule 1.190(f):

> (f) **Claims for Punitive Damages.** A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages. The motion to amend can be filed separately and before the supporting evidence or proffer, but each shall be served on all parties at least 20 days before the hearing.

The plain meaning of Rule 1.190(f) does not support the plaintiffs' argument. The Rule allows the motion to amend (attaching, as Rule 1.190(a) requires, the proposed amended pleading) to be filed separately from the evidence or proffer asserted to satisfy the statutory requirements of section 768.72. Rule 1.190(f) does not waive or dispense with the requirement to attach the proposed amended pleading to the motion to amend. Varnedore v. Copeland, 210 So. 3d 741, 745 (Fla. 5th DCA 2017).

In responding to a motion to amend to add punitive damages, this procedure allows the non-moving party to address the amended complaint in the specific

form the movant actually intends to file if leave to amend is granted. In the present case, a proposed amended complaint drawn with greater specificity might have avoided the shortcomings described below regarding (1) the lack of differentiation among the four corporate petitioner/defendants, and (2) the lack of allegations and evidence or proffers directed to section 768.72(3) and the attribution of intentional misconduct or gross negligence of individual employees to the corporate employer/defendants.

The plaintiffs also failed to file and serve one of the deposition transcripts comprising part of their proffer at least twenty days before the hearing on the motion to amend, an additional requirement of Rule 1.190(f).

Section 768.72(3)

The plaintiffs sued the four limited liability companies that are the petitioners in this case, but not the individual employees who are alleged by name to have engaged in "intentional misconduct" or "gross negligence" as defined in section 768.72(2)(a) and (b), respectively. Three subparagraphs of section 768.72(3) state the factual prerequisites for establishing punitive damages claims against an employer or corporate entity:

(a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;

(b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or

4

(c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

The plaintiffs assume that the alleged misconduct of the individual construction managers, superintendents, construction workers—who were not, on the record before us, officers or managing members of the limited liability companies—is, without more, misconduct of the four corporate petitioner/defendants for purposes of section 768.72. But that is contrary to the plain language of the statute.

A second shortcoming is that the plaintiffs' allegations, including the information proffered to show intentional misconduct or gross negligence, lump together the three primary individual employee actors and the five limited liability company defendants.[1] According to the plaintiffs' proffer, Franz Randall was a construction superintendent for defendant Sway Management, LLC, doing business as Waypoint Homes, but there is no indication that he played any role in corporate management. Alex Pierce was a construction manager for defendant Stellar Homes, but there is no indication that his acts or omissions should be imputed to the other limited liability company defendants. Angel Ramirez was a project manager for Stellar Homes, but there is no indication that his conduct

---

[1] The fifth limited liability company defendant, Stellar Homes Group, LLC, is not a petitioner in this case.

5

should be imputed to Stellar Homes, much less the other corporate defendants.

Based on such shortcomings in the record before us, the claim for punitive damages should not have been allowed. <u>Coronado Condo. Ass'n. Inc. v. La Corte</u>, 103 So. 3d 239 (Fla. 3d DCA 2012). For these reasons, and in accordance with <u>Globe Newspaper Co. v. King</u>, 658 So. 2d 518 (Fla. 1995), we grant the four corporate defendants' petition and quash the order granting the plaintiffs leave to amend to plead punitive damages.

Petition granted; order quashed.