# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2426

_____

TALLAHASSEE MEMORIAL
HEALTHCARE, INC.,

    Petitioner,

    v.

CHERELLE DUKES,

    Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

May 16, 2019

OSTERHAUS, J.

Tallahassee Memorial Healthcare, Inc. seeks certiorari review of an order granting Cherelle Dukes's motion to assert a punitive damages claim against it in her defamation suit. TMH argues that the order should be quashed because Ms. Dukes's claim and the evidence proffer supporting her motion didn't comply with the statutory requirements for alleging punitive damages. We agree and grant the petition.

## I.

Ms. Dukes worked for TMH as a patient care assistant in the emergency room until she resigned in lieu of formal termination in September 2015. After resigning, she sued TMH for whistleblower retaliation and defamation. Ms. Dukes based her defamation claim

on the conduct of an emergency room supervisor. The supervisor allegedly told co-workers that Ms. Dukes had been terminated for "stealing," and not that Ms. Dukes had resigned after being confronted about making personal long-distance calls using TMH's telephone codes.

In October 2018, Ms. Dukes filed a motion to amend her defamation count against TMH to assert a punitive damages claim. She attached an amended complaint alleging that the emergency room supervisor "as agent to a principal/employer, published caused to be published or allowed to be published false statements about Plaintiff to third parties." At a subsequent hearing, Ms. Dukes claimed that her motion should be granted because she had been defamed by the "director" of TMH's emergency room. TMH argued that the motion should be denied because Ms. Dukes didn't claim or proffer evidence that either TMH or its corporate management participated or condoned the alleged defamation. TMH argued that

> you cannot equate the director of the emergency room, which is Ms. Dukes' second-level supervisor, to the board of directors or the CEO, which is what the case law holds. [To prevail under the statute,] [y]ou have to have the employee/alleged bad actor in addition to ratification by the corporation.

The court ultimately granted Ms. Dukes's motion to amend the complaint and add a punitive damages claim. TMH then timely filed a petition for writ of certiorari seeking to quash the trial court's order.

## II.

Certiorari relief is available where the procedural requirements of the punitive damages statute aren't followed. *Globe Newspaper Co. v. King*, 658 So. 2d 518, 519 (Fla. 1995); *Fetlar, LLC v. Suarez*, 230 So. 3d 97, 99 (Fla. 3d DCA 2017). A defendant has a substantive legal right not to be subject to punitive damages claims if there is no reasonable basis for recovery. *Globe Newspaper Co.,* 658 So. 2d at 519. Our standard of review is de novo. *Wayne Frier Home Center of Pensacola, Inc. v.*

2

*Cadlerock Joint Venture, L.P.*, 16 So. 3d 1006, 1008 (Fla. 1st DCA 2009).

A plaintiff's ability to bring a punitive damages claim in a civil action in Florida is governed by § 768.72, Florida Statutes. A punitive damages claim can be added only after making a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat.; Fla. R. Civ. P. 1.190(f). If a plaintiff wants to add a punitive damages claim against a corporate entity based on an employee's conduct, a reasonable showing must be made that:

> (a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
>
> (b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or
>
> (c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

§ 768.72(3), Fla. Stat.

In this case, Ms. Dukes sought to add a punitive damages claim against TMH based upon the conduct of the "director" of the emergency room. Ms. Dukes argued that her motion should be granted because § 768.72(3)(b) specifically includes misconduct condoned by the "directors" of a corporation.

What is missing from Ms. Dukes's motion and proffer, however, is an allegation or evidence that corporate management knowingly condoned, ratified or consented to the alleged misconduct. Ms. Dukes didn't allege that the emergency room employee had a role in corporate management. Nor did she allege or provide evidence that corporate management knew about the alleged defamatory conduct by its emergency room director. On this basis, TMH argues that Ms. Dukes's punitive damages claim

could not go forward in the absence of claiming or providing evidence that TMH's corporate management "knowingly condoned, ratified, or consented to [the] conduct," as required by § 768.72(3)(b). And we agree. Under these circumstances, Ms. Dukes's motion to add the punitive damages claim fails on its face to comport with the statute's requirements.

This case is similar to the Third District's opinion in *Fetlar, LLC v. Suarez*. There, plaintiffs also sought to add punitive damages claims against corporate defendants based upon allegations of misconduct by employees—construction managers, superintendents, and workers—"who were not, on the record before us, officers or managing members of the . . . companies." *Fetlar, LLC*, 230 So. 3d at 100. The court found these allegations against non-management personnel to be contrary to the plain language of § 768.72 and quashed the trial court's order that had allowed punitive damages to be pleaded. *Id.*; *see also Coronado Condo. Ass'n. Inc. v. La Corte*, 103 So. 3d 239, 241 (Fla. 3d DCA 2012) (finding misconduct allegations against a property manager, workers, and a single unnamed board member to be insufficient in the absence of allegations that corporate management knowingly participated or consented to the misconduct); *cf. Wayne Frier Home Center of Pensacola, Inc.*, 16 So. 3d at 1009 (concluding that the evidence could support a finding that management participated in or condoned an employee's misconduct).

Similarly, here, Ms. Dukes's motion failed to meet § 768.72(3)'s requirements for pleading a punitive damages claim. Because the motion in this case did not allege or cite evidence that corporate management knowingly condoned, ratified, or consented to the alleged defamation, Ms. Dukes's motion should have been denied.

### III.

Accordingly, we grant the petition and quash the order granting leave to amend the complaint to include a claim for punitive damages.

PETITION GRANTED; ORDER QUASHED.

ROWE and KELSEY, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


S. Austin Cattani and Brandice D. Dickson of Pennington, P.A., Tallahassee, for Petitioner.

Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Respondent.