# Third District Court of Appeal

## State of Florida

Opinion filed March 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-22
Lower Tribunal No. 12-36407
_____

**SAP America, Inc.,**
Petitioner,

vs.

**Royal Flowers, Inc.,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Squire Patton Boggs LLP, and Jorge J. Perez; Drinker Biddle & Reath, LLP, and Gregory J. Star and Michael J. Miller (Philadelphia, PA), for petitioner.

Waldman Trigoboff Hildebrandt Marx & Calnan, P.A., and Craig J. Trigoboff (Fort Lauderdale), for respondent.

Before ROTHENBERG, EMAS, and FERNANDEZ, JJ.

ROTHENBERG, J.

SAP America, Inc. ("SAP") petitions this Court seeking quashal of the trial court's order granting Royal Flowers, Inc.'s ("Royal Flowers") motion for leave to amend its complaint to assert a claim for punitive damages. Although it is clear that certiorari relief is an appropriate remedy to challenge a trial court's order allowing a punitive damages claim to proceed when the procedural requirements of section 768.72, Florida Statutes (2015), have not been followed, see Globe Newspaper Co. v. King, 658 So. 2d 518, 520 (Fla. 1995); Coronado Condo. Ass'n v. La Corte, 103 So. 3d 239, 240 (Fla. 3d DCA 2012), it is equally clear that an appellate court lacks certiorari jurisdiction to review the sufficiency of the evidence considered by the trial court in granting leave to amend the complaint to add a claim for punitive damages. Globe, 658 So. 2d at 520; Ross Dress for Less Virginia, Inc. v. Castro, 134 So. 3d 511, 525 (Fla. 3d DCA 2014).

The record reflects that after the trial court granted Royal Flowers' motion for summary judgment as to its breach of contract claim, Royal Flowers moved for leave to amend its complaint to seek punitive damages in connection to its fraud in the inducement claims. The motion was fully briefed and the trial court conducted a special set hearing where Royal Flowers made an evidentiary proffer in support of its motion. Thereafter, the trial court entered an order that was deficient, but later entered a corrected order granting Royal Flowers' motion to amend its complaint to add a claim for punitive damages. In its corrected order, the trial

2

court found that Royal Flowers had presented "a reasonable evidentiary basis for recovery of punitive damages" as "set forth in the Motion and argued at the hearing conducted on November 4, 2015 and as reflected in the transcript incorporated and adopted herein."

Because the trial court complied with the procedural requirements of section 768.72, and we are not permitted to review the sufficiency of the evidence on certiorari review, we deny SAP's petition.

Petition denied.