# Third District Court of Appeal

## State of Florida

Opinion filed August 8, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-714
Lower Tribunal No. 13-8545
_____

**Craig Robins,**
Petitioner,

vs.

**Ugo Colombo and CMC Group, Inc.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Richard & Richard, P.A., and Dennis Richard, Laurel W. Marc-Charles, and Douglas J. Giuliano; Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten, for petitioner.

Coffey Burlington, P.L., and Jeffrey B. Crockett and Kendall B. Coffey, for respondents.


Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

Petitioner Craig Robins has filed a petition seeking certiorari relief from the trial court's order granting Respondents' motion to amend to assert a claim for punitive damages pursuant to section 768.72(1), Florida Statutes (2018). That subsection provides in pertinent part: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Petitioner raises a number of claims in his petition, but we conclude they are without merit or are beyond our limited scope of review.

As a general rule, a petitioner seeking certiorari relief must establish that the trial court's nonfinal order "departs from the essential requirements of law and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So. 2d 91, 95 (Fla. 1995); Robles v. Baptist Health South Florida, Inc., 197 So. 3d 1196, 1199 (Fla. 3d DCA 2016). In applying this standard of review to an order granting leave to amend a complaint to add a claim for punitive damages, we limit our review to whether the procedural requirements of section 768.72 have been followed. Globe Newspaper Co. v. King, 658 So. 2d 518 (Fla. 1995); SAP Am., Inc. v. Royal Flowers, Inc., 187 So. 3d 946 (Fla. 3d DCA 2016). As we acknowledged in SAP, 187 So. 3d at 946, "an appellate court lacks certiorari jurisdiction to review the sufficiency of the evidence considered by the

trial court in granting leave to amend the complaint to add a claim for punitive damages." See also Globe, 658 So. 2d at 520 (finding that certiorari may not be granted to review a trial judge's determination of the sufficiency of the ultimate facts pleading a claim for punitive damages). Moreover, this court is not permitted to reweigh a trial court's finding of a sufficient evidentiary basis for a punitive damages claim, and "such a finding could not be disturbed, or even evaluated on certiorari review." Espirito Santo Bank v. Rego, 990 So. 2d 1088, 1091 (Fla. 3d DCA 2007).

Applying our narrow standard and scope of review, we find that Petitioner has not demonstrated that the trial court failed to comply with the procedural requirements of section 768.72. The record establishes that Respondents' motion to amend contained a proffer and referred to and relied upon testimony, answers to interrogatories, and exhibits attached to his motion. Further, the trial court order granting the motion to amend was, consistent with section 768.72(1), based upon "a reasonable showing by evidence in the record or proffered by the claimant." We conclude that Petitioner's remaining arguments on this point focus on the sufficiency of the evidence rather than compliance with the procedural requirements of section 768.72 which, as discussed earlier, is beyond this court's authority to review on certiorari. See TRG Desert Inn Venture, Ltd. v. Berezovsky, 194 So. 3d 516, 520 (Fla. 3d DCA 2016) (holding that even if appellate court

3

might find that no independent tort has been alleged, "restraints on our certiorari jurisdiction prevent us from quashing the trial court's order on [that] basis.")

Petitioner also claims that the trial court failed to afford him an adequate hearing before ruling on the motion to amend. The hearing was specially set for thirty minutes, and was noticed to address Respondents' motion to amend as well as Petitioner's motion for summary judgment. Although it is true that the hearing on the motion to amend lasted only a short time, the trial court did not preclude or prohibit Petitioner from making any argument it wished to make in opposition to the motion to amend. Nor did Petitioner lodge any objection to the court's procedure or assert at the hearing that it was in any way foreclosed from presenting argument in opposition to the motion to amend. Instead, it appears from a review of the hearing transcript that Petitioner decided to "keep his powder dry" to await argument on his summary judgment motion that immediately followed, believing that a favorable ruling on summary judgment would render moot Respondents' request to amend the complaint. We conclude that the trial court complied with Florida Rule of Civil Procedure 1.190(f)[1] by holding a hearing at which Petitioner

[1] Rule 1.190(f) ("Claims for Punitive Damages") provides:

> A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages. The motion to amend can be filed separately and before the supporting evidence or proffer, but each shall be served on all parties at least 20 days before the hearing.

4

was afforded a reasonable and meaningful opportunity to be heard on the merits of Respondents' motion to amend.

Finally, Petitioner asserts that certiorari relief is appropriate because Respondents failed to attach to their motion the proposed amended pleading, and instead proposed to amend the complaint by interlineation. Florida Rule of Civil Procedure 1.190(a) provides: "If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion." We have recognized that this requirement is mandatory. See Fetlar, LLC v. Suarez, 230 So. 3d 97, 99 (Fla. 3d DCA 2017). However, petitioner never objected to this amendment by interlineation, raising it for the first time in this court. As a general rule, the failure to make a contemporaneous objection constitutes a waiver of a claim on appeal, absent fundamental error. Philip Morris USA, Inc., v. Ledoux, 230 So. 3d 530 (Fla. 3d DCA 2017); Liberty Mut. Ins. Co. v. Dilenge, 312 So. 2d 251, (Fla. 3d DCA 1975); Hernando HMA, LLC v. Erwin, 208 So. 3d 848, 849 (Fla. 5th DCA 2017) (noting: "Generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below.") See also Young v. State, 632 So. 2d 245, 246 (Fla. 3d DCA 1994) (holding "the fact that the amendment [to an information] was erroneously accomplished by an unsworn interlineation, rather than a sworn-to amended information, was waived . . . because the defendant never objected below to this defect."). Had Petitioner raised the issue in the trial court by

5

contemporaneous objection, this now-asserted defect could easily have been cured by converting the interlineated amendment to a more formal amended pleading.[2] See Castor v. State, 365 So. 2d 701, 703 (Fla. 1978) (observing: "As a general matter, a reviewing court will not consider points raised for the first time on appeal. . . . The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.") (Internal citations omitted.)

Petition denied.

---

[2] Of course, there is nothing to prevent the trial court from directing such action on remand, or to prevent Respondents on their own from seeking to do so on remand.