# Third District Court of Appeal

## State of Florida

Opinion filed May 12, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-676
Lower Tribunal No. 14-31469
_____

**The Bentley Condominium Association, Inc., et al.,**
Petitioners,

vs.

**Colleen Bennett, etc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Boyd Richards Parker Colonnelli, and Elaine D. Walter, Yvette R. Lavelle and Craig J. Shankman, for petitioners.

Mark Migdal & Hayden, and Joshua A. Migdal, Darci E. Cohen and Daniel S. Maland, for respondent.

Before SCALES, MILLER and LOBREE, JJ.

SCALES, J.

The Bentley Condominium Association, Jared Galbut and Keith Menin (collectively, "Petitioners"), the defendants below, seek certiorari review of a February 27, 2021 trial court order that granted the plaintiff below, Colleen Bennett's, as trustee of the Col Benn Leasing Business Trust 501, ("Respondent") motion to amend her complaint to add a claim for punitive damages. We grant the petition and quash the challenged order because, contrary to the requirements of Florida Rule of Civil Procedure 1.190(f), Respondent filed evidence in support of her motion to amend within twenty days of the February 26, 2021 hearing on the motion.

## I. Relevant Background

Because it is important to our decision, we recount the timeline of the parties' relevant filings.

On January 15, 2021, Respondent filed her motion to amend the complaint to seek punitive damages against Petitioners. While the motion to amend contained an appendix with over four hundred pages of documents in support of Respondent's arguments, Respondent failed to attach a proposed amended pleading to the motion. See Fla. R. Civ. P. 1.190(a) ("If a party files a motion to amend a pleading, the party shall attach the proposed amended pleading to the motion."). On January 29, 2021, Petitioners filed their opposition to Respondent's motion to amend, arguing,

2

among other things, that the motion must be denied because of Respondent's non-compliance with rule 1.190(a).

In an attempt to "cure" the rule 1.190(a) problem, on February 5, 2021, Respondent filed the proposed amended complaint in the lower court. At a February 8, 2021 interim case management conference, the trial court, as part of an omnibus pretrial order in the case, (i) deemed Respondent's motion to amend filed as of February 5, 2021 (the date Respondent filed her proposed amended complaint), (ii) set a hearing on Respondent's motion for February 26, 2021, and (iii) required Petitioners to file any response to Respondent's motion no later than February 17, 2021.

On February 17, 2021, Petitioners filed their opposition to Respondent's motion to amend, again arguing, among other things, that the motion must be denied because of Respondent's failure to attach a copy of the proposed amended complaint to the motion.[1]

---

[1] The next day, February 18, 2021, Respondent filed an amended motion to amend her complaint that was identical to Respondent's original motion, except, in addition to the appendix containing some four hundred pages of support documents, the amended motion also attached Respondent's proposed amended complaint. We are not entirely sure why Respondent made this February 18th filing in light of the trial court's February 8, 2021 omnibus pretrial order that deemed Respondent's original motion filed on February 5, 2021, the same day Respondent filed her proposed amended complaint.

On February 24, 2021, just two days before the scheduled hearing on Respondent's motion to amend, Petitioners filed their "Supplemental Response" in opposition to Respondent's motion. That same day, February 24, 2021, Respondent filed a "Reply in Support" ("Reply") of her motion. The Reply contained ten pages of argument and nearly a hundred pages of deposition transcripts and other documents, much of which had not previously been filed with the court.

On February 26, 2021, the trial court, over Petitioners' objections, conducted the hearing on Respondent's motion to amend and, the following day, entered the challenged, unelaborated order granting Respondent's motion.

## II.  Analysis[2]

---

[2] While this Court, see TRG Desert Inn Venture, Ltd. v. Berezovksy, 194 So. 3d 516, 520 n.5 (Fla. 3d DCA 2016) and others, see Life Care Ctrs. of Am., Inc. v. Croft, 299 So. 3d 588, 591-92 (Fla. 2d DCA 2020); Event Depot Corp. v. Frank, 269 So. 3d 559, 565 (Fla. 4th DCA 2019) (Kuntz, J., concurring specially), have urged the Florida Bar's Appellate Rules Committee to amend rule 9.130(a)'s schedule of appealable, nonfinal orders to include orders granting motions for leave to amend a complaint to add punitive damages, at present we continue to review such orders under the less exacting certiorari standard. See Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995). On certiorari review, we must determine whether the trial court departed from the essential requirements of law resulting in irreparable injury to Petitioners, leaving no adequate remedy on appeal. Robins v. Colombo, 253 So. 3d 94, 95 (Fla. 3d DCA 2018). "In applying this standard of review to an order granting leave to amend a complaint for punitive damages, we limit our review to whether the procedural

4

While Petitioners assert several arguments challenging the trial court's February 27, 2021 order, we address only one of Petitioners' arguments that we deem dispositive: whether the trial court departed from the essential requirements of law by granting Respondent's motion within twenty days of Respondent filing the Reply.[3]

Rule 1.190(f) reads, in its entirety, as follows:

> **Claims for Punitive Damages.** A motion for leave to amend a pleading to assert a claim for punitive damages shall make a reasonable showing, by evidence in the record or evidence to be proffered by the claimant, that provides a reasonable basis for recovery of such damages. The motion to amend can be filed separately and before the supporting evidence or proffer, *but each shall be served on all parties at least 20 days before the hearing*.

(Emphasis added). We read this rather unambiguous rule as requiring that *both* a claimant's motion to amend – which, by virtue of rule 1.190(a), must

---

requirements of section 768.72 have been followed," including compliance with rule 1.190(f). Id. at 95-96. Because an order granting leave to amend to seek punitive damages allows for otherwise undiscoverable financial information, an erroneous grant of such a motion generally results in irreparable harm. Cat Cay Yacht Club, Inc. v. Diaz, 264 So. 3d 1071, 1076 (Fla. 3d DCA 2019).

[3] Our limited standard of review prevents us from addressing the issue of whether the evidence proffered by Respondent supports a claim for punitive damages. Robins, 253 So. 3d at 96.

include the proposed amended complaint[4] – and any evidence supporting a punitive damage claim be filed and served no later than twenty days before the scheduled hearing on the motion.

In this case, the trial court scheduled the hearing on Respondent's motion to amend for February 26, 2021 and conducted the hearing on that day. While Respondent's motion and Respondent's proposed amended complaint (properly deemed filed on February 5, 2021) were filed more than twenty days before the hearing, Respondent's Reply – which contained both argument and new evidence supporting Respondent's motion – was not timely filed. In fact, Respondent filed her Reply just two days before the scheduled hearing.

Rule 1.190(f) provides a clear line of demarcation: a trial court may not conduct a hearing on a claimant's motion for leave to file an amended complaint seeking punitive damages within twenty days of a claimant's filing of evidence or proffer of evidence in support of the motion. When Respondent filed her February 24, 2021 Reply, it was incumbent upon her to cancel the February 26 hearing and have it rescheduled for a date at least twenty days after the filing of her Reply.

---

[4] <u>Fetlar, LLC v. Suarez</u>, 230 So. 3d 97, 99 (Fla. 3d DCA 2017) ("Rule 1.190(f) does not waive or dispense with [rule 1.190(a)'s] requirement to attach the proposed amended pleading to the motion to amend.")

6

Petition granted; February 27, 2021 order quashed.