# Third District Court of Appeal
## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-278
Lower Tribunal No. 18-10623
_____

**Avatar Property and Casualty Insurance Company**,
Appellant,

vs.

**Maria De Caires**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Kubicki Draper, P.A., and Caryn L. Bellus, Sorraya M. Solages-Jones, and Barbara E. Fox, for appellant.

Louis Law Group, LLC, and Thomas A. Katranis and Pierre A. Louis (Miramar), for appellee.

Before EMAS, HENDON and MILLER, JJ.

EMAS, J.

Avatar Property and Casualty Insurance Company, the insurer below, appeals a final judgment in favor of Maria De Caires, the insured below, following a jury trial on a first-party property insurance breach-of-contract claim. After De Caires presented her case to the jury and rested, Avatar moved for a directed verdict based upon De Caires' failure to introduce into evidence the insurance policy. The trial court denied Avatar's motion. Thereafter, Avatar rested without calling any witnesses or presenting evidence, and the trial court directed a verdict in favor of De Caires on her breach of contract claim and on the amount of damages. The trial court entered final judgment in favor of De Caires in the amount of $80,830.16. This appeal followed.

We affirm the trial court's denial of Avatar's motion for directed verdict, which was based on the failure of De Caires to introduce the insurance policy into evidence. The record below establishes unequivocally that Avatar did not contest the existence of a valid insurance policy, or the existence of a covered loss suffered by De Caires. Indeed, following jury selection and before opening statements were made, the trial judge provided the jury with the following introductory instruction, describing the issues they would decide:

> So, let me first tell you that this is a breach of contract case in which Maria De Caires claims that the Defendant breached this

2

contract of insurance by refusing to pay the full amount of insurance proceeds due to Maria De Caires, **notwithstanding having acknowledged coverage for the loss, and that the breach resulted in damages to Maria De Caires.**

Avatar Property & Casualty Insurance Company denies it refused to pay the full amount of insurance proceeds due to Maria De Caires. Avatar Property & Casualty Insurance Company claims that its payment of $607 fully satisfies its obligations under the policy.

(Emphasis added.)[1]

---

[1]Relatedly, De Caires timely submitted her set of proposed jury instructions to the trial court, while Avatar did not provide any proposed jury instructions. The relevant proposed instruction, entitled "Breach of Contract—Introduction" (as modified from Fla. Std. J. Inst. (Civ.) 416.1) provided:

**The existence of the valid policy of insurance is not at issue in this case.** Maria de Caires entered into a contract of insurance with Avatar Property & Casualty Insurance Company for homeowner's insurance that provided "All Risk" coverage for her home.... Maria De Caires' property was damaged by Hurricane Irma in September 2017.

Maria De Caires claims that Defendant breached this contract of insurance by refusing to pay the full amount of insurance proceeds due to Maria De Caires notwithstanding having acknowledged coverage for the loss, and that the breach resulted in damages to Maria De Caires.

Avatar Property & Casualty Insurance Company denies it refused to pay the full amount of insurance proceeds due to Maria De Caires. Avatar Property & Casualty Insurance Company claims that its payment of $607.00 fully satisfies its obligations under the policy.

(Emphasis added.)

Avatar lodged no objection to this introductory instruction given by the court to the jury. Nor could it reasonably do so, as Avatar's pleadings and pretrial discovery acknowledged coverage for the loss alleged in the complaint; acknowledged that Avatar paid insurance benefits to De Caires for the loss alleged in the complaint; and narrowed the issue in dispute to whether De Caires was entitled to any insurance benefits beyond that which Avatar had already paid on the claim.

Importantly, the policy at issue is an "all-risk" policy. After De Caires established she suffered a covered loss while the all-risk policy was in effect, "the burden then shift[ed] to the insurer to prove that the cause of the loss was excluded from coverage under the policy's terms." See Deshazior v. Safepoint Ins. Co., 305 So. 3d 752, 755 (Fla. 3d DCA 2020) (quoting Jones v. Federated Nat'l Ins. Co., 235 So. 3d 936, 941 (Fla. 4th DCA 2018)). Under these circumstances, De Caires' failure to introduce into evidence the all-risk policy was not fatal to her claim, given the issue to be tried. By its own pretrial pleadings and discovery responses, and by its failure to object to the trial court's introductory instruction to the jury, Avatar waived this claim. See Robins v. Colombo, 253 So. 3d 94 (Fla. 3d DCA 2018) (recognizing: "As a general rule, the failure to make a contemporaneous objection constitutes a waiver of a claim on appeal, absent fundamental

4

error"); <u>Liberty Mut. Ins. Co. v. Dilenge</u>, 312 So. 2d 251 (Fla. 3d DCA 1975) (noting that a party who fails to make timely objection is deemed to have waived it by acquiescence). In light of the foregoing discussion, and in light of the evidence presented at trial by De Caires and Avatar's failure to present witnesses, the trial court correctly directed a verdict in favor of De Caires on her establishment of a breach of contract. Applying a de novo standard of review, and viewing all evidence and inferences in a light most favorable to Avatar, we conclude that "no proper view of the evidence could sustain a verdict in favor of the nonmoving party." <u>Owens v. Publix Supermarkets, Inc.</u>, 802 So. 2d 315, 329 (Fla. 2001).

By contrast, however, Avatar did vigorously contest the amount of damages claimed to have been suffered by De Caires. While it is true that Avatar did not present its own expert witness on the amount of damages, it is likewise true that, on cross-examination, Avatar elicited significant conflicting testimony from De Caires' own witnesses regarding the amount of damages suffered. Viewing the evidence and inferences therefrom in a light most favorable to Avatar, <u>see</u> <u>City of Hialeah v. Rehm</u>, 455 So. 2d 458 (Fla. 3d DCA 1984), there was sufficient conflicting testimony on the amount of damages suffered so as to permit the jury to reach different, reasonable inferences from the evidence. <u>See</u> <u>Day v. Le-Jo Enters., Inc.</u>,

521 So. 2d 175, 177 (Fla. 3d DCA1988) (holding: "Only where the record is devoid of any evidence from which a jury of reasonable men could find liability, may a judgment based on a directed verdict stand. It is axiomatic that directed verdicts should not be entered if the evidence is conflicting and permits different, reasonable inferences. Even if a preponderance of the evidence favors the movant, a directed verdict is an encroachment on the province of the jury. The ultimate question then is whether there was any evidence upon which a jury could have lawfully found a verdict for the defendants") (additional quotations and citations omitted). See also Wald v. Grainger, 64 So. 3d 1201, 1205 (Fla. 2011) (holding: "A jury is free to weigh the opinion testimony of expert witnesses, and either accept, reject or give that testimony such weight as it deserves considering the witnesses' qualifications, the reasons given by the witness for the opinion expressed, and all the other evidence in the case, including lay testimony"); Fla. Std. J. Instr. (Civ.) 601.2b. We hold the trial court erred in directing a verdict in favor of De Caires on the issue of damages and in entering a final judgment in the amount of $80,830.16.

We therefore affirm the trial court's order denying Avatar's motion for directed verdict, as well as the trial court's order granting a directed verdict in favor of De Caires on the establishment of a breach of contract. However,

6

we reverse the trial court's order directing a verdict in favor of De Caires on damages and the entry of a final judgment for damages in the amount of $80,830.16. We vacate the final judgment and remand for a new trial on damages.[2]

---

[2] We find no merit, and affirm without discussion, the other issues raised by Avatar on appeal.