# Third District Court of Appeal
## State of Florida

Opinion filed October 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1521
Lower Tribunal No. 18-39190
_____

**Leon Medical Centers, Inc., et al.,**
Petitioners,

vs.

**Jose Duran, etc.,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Cole, Scott & Kissane, Michael E. Brand, Alan St. Louis and Cody German; Easley Appellate Practice, PLLC and Dorothy F. Easley, for petitioners.

Searcy Denney Scarola Barnhart & Shipley, P.A., and Adam S. Hecht and F. Gregory Barnhart (West Palm Beach); Davis Goldman, PLLC and Aaron P. Davis and Daniel B. Allison and Kimberly Cook; Harris Appeals, P.A., and Andrew A. Harris and Grace Mackey Streicher (Palm Beach Gardens), for respondent.

Before EMAS, LOBREE and BOKOR, JJ.

PER CURIAM.

Petitioners, defendants in the wrongful death lawsuit below, seek certiorari relief from the trial court's order granting Respondent's motion to amend to add a claim for punitive damages under section 768.72, Florida Statutes (2018). In determining whether a trial court departed from the essential requirements of the law in granting a motion to amend a complaint to add a claim for punitive damages, our review is limited to whether the trial court complied with the procedural requirements of section 768.72. Levin v. Pritchard, 258 So. 3d 545, 547 (Fla. 3d DCA 2018); accord Robins v. Colombo, 253 So. 3d 94, 95 (Fla. 3d DCA 2018). "Certiorari is not available to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995). "Moreover, this court is not permitted to reweigh a trial court's finding of a sufficient evidentiary basis for a punitive damages claim, and 'such a finding could not be disturbed, or even evaluated on certiorari review.'" Robins, 253 So. 3d at 96 (quoting Espirito Santo Bank v. Rego, 990 So. 2d 1088, 1091 (Fla. 3d DCA 2007)). Thus, the scope of our certiorari review is confined to whether "Respondent proffered evidence in support of his punitive damages claim and, after a hearing, the trial court

2

entered an order finding the proffer to be sufficient to support the claim." <u>E.R. Truck & Equip. Corp. v. Gomont</u>, 300 So. 3d 1230, 1231 (Fla. 3d DCA 2020). Applying our narrow scope of review, we conclude that the trial court complied with the procedural requirements of section 768.72 in granting Respondent's motion to amend to add a claim for punitive damages, and we deny the petition for writ of certiorari.

Petition denied.