# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-506
Lower Tribunal No. 18-33358
_____

**Bulk Express Transport Inc., et al.,**
Petitioners,

vs.

**Luis Alberto Diaz, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Wicker Smith O'Hara McCoy & Ford, P.A., and Brandon J. Hechtman, Alyssa M. Reiter and Brian M. Peters, Jr., for petitioners.

Colson Hicks Eidson, P.A., and Wm. Allen Bonner; Drury Law Firm, and Christopher M. Drury, for respondents Luis Alberto Diaz and Flor de Maria Diaz.

Before EMAS, SCALES and HENDON, JJ.

HENDON, J.

Petitioners, defendants in the liability action below, seek to quash the trial court's order granting the respondents leave to amend to add a count for punitive damages under section 768.72, Florida Statutes (2019). We deny the petition for certiorari.

In determining whether a trial court has departed from the essential requirements of law in granting a motion to amend a complaint to add a claim for punitive damages, our review is limited to whether the trial court complied with the procedural requirements of section 768.72. Levin v. Pritchard, 258 So. 3d 545, 547 (Fla. 3d DCA 2018); accord Robins v. Colombo, 253 So. 3d 94, 95 (Fla. 3d DCA 2018). "Certiorari is not available to review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995). "Moreover, this court is not permitted to reweigh a trial court's finding of a sufficient evidentiary basis for a punitive damages claim, and 'such a finding could not be disturbed, or even evaluated on certiorari review.'" Robins, 253 So. 3d at 96 (quoting Espirito Santo Bank v. Rego, 990 So. 2d 1088, 1091 (Fla. 3d DCA 2007)). Thus, the scope of our certiorari review is confined to whether the respondents proffered evidence in support of their punitive damages claim and, after a

2

hearing, the trial court entered an order finding the proffer to be sufficient to support the claim. E.R. Truck & Equip. Corp. v. Gomont, 300 So. 3d 1230, 1231 (Fla. 3d DCA 2020).

The respondents proffered evidence in support of their punitive damages claim and, after two lengthy hearings, the trial court entered an order finding the proffer to be sufficient to support the claim. See Event Depot Corp. v. Frank, 269 So. 3d 559, 563 (Fla. 4th DCA 2019). Whether the respondents are entitled to punitive damages must be left to the jury to decide once there is any evidence to show an entitlement to such an award. Even if the court is of the opinion that the preponderance of the evidence is against the plaintiffs, it should be left to the jury to decide. Otey v. Fla. Power & Light Co., 400 So. 2d 1289, 1291 (Fla. 5th DCA 1981) (citing Doral Country Club, Inc. v. Lindgren Plumbing Co., 175 So. 2d 570 (Fla. 3d DCA 1965)).

Applying our narrow scope of review, we conclude that the trial court complied with the procedural requirements of section 768.72 in granting the respondents' motion to amend to add a claim for punitive damages.

Petition denied.